E. L. WILSON HARDWARE CO. v. F. J. & R. C. DUFF ET AL.

Decided December 16, 1904.

**1.—Appeal—Final Judgment.**

A judgment can not form the basis of an appeal which does not dispose of all the parties and all the issues involved.

**2.—Same—Consolidated Suit—Garnishment.**

Where several suits, by garnishment and otherwise and involving the right to a certain fund, were consolidated and on the trial, the money having been deposited in court, one of the parties occupying the attitude of a mere stockholder was discharged, and a garnishing creditor whose debt had not then been reduced to judgment was held to be entitled to priority over another claimant, and the case was continued on the docket until the amount due such creditor should be judicially determined, the judgment was not a final one from which an appeal could be taken.

Appeal from the District Court of Jefferson. Tried below before Hon. A. T. Watts.

*Hardy & Hardy,* for appellant.

*Baker, Botts, Parker & Garwood* and *Chester, Crawford & Chester,* for appellees.

ON MOTION TO DISMISS APPEAL.

GILL, ASSOCIATE JUSTICE.—This motion when submitted was taken with the case. Upon a careful examination of the entire record we have concluded it should be sustained. We shall briefly give our reasons for this conclusion. To make the matter clear it is necessary to state, not only the facts out of which the litigation sprung, but the form which it assumed.

D. R. Simms through his attorneys, F. J. and R. C. Duff, sued the Texas and New Orleans Railway Company. The suit was thereafter compromised by an agreement on the part of the railway company to pay $1,130, and Duff & Duff were authorized to collect that sum for their clients. McFadden, Weiss & Kyle had sued Simms, and hearing of the compromise served a writ of garnishment on the railway company in order that the sum due Simms might be held to await the result of their litigation and be subject to its result.

The writ was served on the 4th day of April, 19—, but the treasurer of the railway company, without knowledge of the writ, executed a negotiable draft for the sum (except $30, which was withheld by mistake) to Duff & Duff. This draft was paid on the 13th day of April, 19—. Duff & Duff knew nothing of the garnishment when they received it.

One day prior to the service of the writ of garnishment, but prior also to the payment of the draft or voucher to Duff & Duff, Simms gave to Wilson & Company two drafts on Duff & Duff authorizing them to pay to Wilson & Company when collected the sum due from the railway company less their attorney's fees, which it is agreed was $100. These drafts were given by Simms in satisfaction of antecedent debts, and were by Wilson & Company endorsed to the E. L. Wilson Hardware Company for no new or additional consideration. They were presented to the Duffs after the receipt of the railway voucher and before knowledge had come either to the Duffs or to the holders of the drafts of the fact of service of the writ of garnishment, but were not paid for the reason that the member of the firm who had charge of the matter was out of the city in which Duff & Duff resided.

When McFadden et al. learned of the issuance of the voucher, they also garnisheed the Duffs. The latter thereupon refused to pay the drafts, whereupon the Wilson Hardware Company sued them. This last named suit was the nucleus of the present consolidated suits, as will presently be shown.

The Duffs answering the suit of the hardware company set up the facts accurately, averred that the McFaddens were claiming the sum under garnishment, and that the railway company was demanding its repayment on the ground that it had been paid out by it through the mistake of its treasurer. The Duffs prayed that the McFaddens be made parties and that the court upon hearing the facts should adjudge the Duffs to be mere stakeholders and direct them how and to whom

to pay out the money. The railway company intervened praying the recovery of the money so paid out by mistake so that it might be held subject to the McFadden garnishment. The court thereupon consolidated the cause with that of McFadden et al. v. Simms out of which the garnishment had issued. When the case was called for trial, the Duffs by permission of the court deposited in the registry of the court $1,000, which was the sum collected by them for Simms less their admitted fee. The railway company by its pleadings admitted it was further indebted to Simms in the sum of $30, which it offered to pay. The court after hearing the facts adjudged the Duffs to be mere stakeholders, whose liability was discharged by the payment of the sum claimed into the registry of the court to await the determination of the issues between the other claimants. The railway company was also discharged upon payment into court of the $30 additional admitted to be due.

The court further adjudged that the garnishment lien in favor of the McFaddens was superior to the claim of the hardware company to the fund in question, and ordered that, when the issues between Simms and the McFaddens should be finally determined, the fund should be appropriated to the satisfaction of whatever judgment the McFaddens might recover against Simms, any sum remaining to be paid over to the hardware company because of their ownership of the Simms drafts.

The court further ordered that the cause should be held upon the docket and remain open until the amount due the McFaddens by Simms should thereafter be judicially determined. From this judgment and these orders the hardware company has sought an appeal. The motion to dismiss is predicated upon the proposition that the judgment is not a final one and hence can not form the basis of an appeal.

From the above statement of the facts it becomes apparent that the contention of appellees is sound.

After the order of consolidation by which the suit between the McFaddens and Simms, which formed the basis of the garnishment, had become merged in the suit of the hardware company against the Duffs, the court acquired the power, and it was his duty, to adjudicate all the issues between all the parties. It was impossible to determine the respective rights of the hardware company and the McFaddens to the fund until it was ascertained how much, if anything, the McFaddens should recover against Simms. If they recovered nothing, the hardware company would have nothing to complain of, for they would get the entire fund. If the sum recovered by the McFaddens should amount to only a part of the fund, the Wilson Hardware Company would get the remainder, and, if dissatisfied, could then bring up the entire case. In any event, not all of the issues were determined, but one of the most important was expressly reserved.

We think it clear the judgment was not a final one. The motion is therefore sustained.

## ON MOTION FOR REHEARING.

GILL, Associate Justice.—Appellants insist that we erred in dismissing the appeal in this cause, and that our error grows out of a mis-

conception of the facts as disclosed by the record. We stated in the main opinion that cause No. 3707, McFadden et al. v. Simms, was, together with the two garnishment proceedings, consolidated with the suit of appellants against Duff & Duff. The order of consolidation is not embodied in the record, and it is difficult to determine from the recitals in the judgment just what consolidations were made. In the light of the entire record we think it probable that the main case of McFadden et al. v. Simms was not included in the order. But however that may be, the correctness of our conclusion is not affected, for the fact remains that the trial court did not dispose of all the parties or all the issues, and expressly retained the cause on the docket and held the judgment open until the matters reserved could be disposed of. The judgment appealed from contains the following order:

"It is further ordered by the court that this case be continued as to the said McFadden, Weiss & Kyle and D. R. Simms, and as to the said Texas and New Orleans Railway Co. and as to the Wilson Hardware Co." We adhere to our first conclusion.

As our opinion was addressed to the motion to dismiss, and not to the merits, we stated the facts only in a general way. In doing this we fell into some inaccuracies which did not affect the issue determined, but which we are nevertheless requested to correct. For the sake of accuracy we make the following corrections.

The draft of the railroad company was issued on the 1st of April and delivered to Duff & Duff on April 2d. The garnishment was served on the company April 4th, and therefore after instead of before the date of the draft.

The draft was paid by the railroad company to Duff & Duff about April 13th. Both before and after Duff & Duff had collected the draft of the railroad company the Wilson Hardware Company had presented to Duff & Duff for payment the drafts given them by Simms.

This we believe renders our fact findings substantially accurate. The motion is overruled.

*Overruled.*

Writ of error refused.