### BALL v. NELMS et al.   (No. 1997.)

Court of Civil Appeals of Texas.   El Paso.
March 24, 1927.

1. **Appeal and error** ⊜⇒78(1)—**No appeal will lie from interlocutory default judgment, not based on liquidated demand, and in which no damages were assessed or trial had on merits.**

Where action for breach of agreement and for false representations was not liquidated and proved by instrument in writing, interlocutory default judgment against defendant, without subsequent hearing of evidence or assessment of damages or trial of case on merits, was not final, and no appeal will lie therefrom so as to confer jurisdiction on Court of Civil Appeals.

2. **Judgment** ⊜⇒106(1)—**Default judgment against defendant filing answer held erroneous.**

Where defendant filed answer, it was error to enter default judgment against him.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by J. W. Ball against R. C. Nelms and others. From the judgment, plaintiff appeals. Appeal dismissed.

W. B. Harrell, of Dallas, for appellant.

Thomas, Frank, Milam & Touchstone, of Dallas, for appellees.

WALTHALL, J. We have concluded that this court is without jurisdiction to pass upon the issues presented for want of a final judgment, so will briefly state only such parts of the record as seem necessary to show the want of jurisdiction.

On October 5, 1922, J. W. Ball, appellant, filed his original petition praying for personal judgment in the sum of $5,186.50 against appellees R. C. Nelms, A. S. Lewis, John Wilkins, and R. A. Moore. The petition alleged that certain of appellees were officers of the Porter Leather Novelty Company, a Texas corporation, and that others of them were its stockholders and directors; that "in the early part of 1921" R. A. Moore solicited him to sell him some shares of stock in the Porter Leather Novelty Company, and made certain representations and statements with reference to the financial condition of the company, with the result that, "in the latter part of March, 1921," appellant and Moore drew up a contract as follows: Without quoting its verbiage, it expresses an agreement of date March 28, 1921, between the Porter Leather Novelty Company and appellant J. W. Ball; that, in consideration of the investment by Ball of $3,500 in the capital stock of the company, Ball has been duly elected secretary treasurer of the company for the fiscal year beginning May 1, 1921, at a stated salary per month; that, in the event his services should be desired by the company to be terminated, the company should tender him the return of his $3,500. The agreement was signed: "Porter Leather Novelty Co., per R. A. Moore, J. Winston Ball."

Ball alleged that he received the certificate for the shares of the capital stock of the Porter Leather Novelty Company signed by appellant Nelms, president, and Moore, secretary; he alleges that he performed the services to the company of secretary treasurer until December, 1921, when Nelms, Lewis, and Wilkins terminated his employment with the company and failed to pay him the salary due under the terms of the contract, and refused to return to him the $3,500 received for the shares of stock. He alleges the falsity of the representations and statements made by Moore as to the financial condition of the company; that appellees ratified and acquiesced in the false and fraudulent statements set out, knowing them to be false, and thereby became obligated personally to pay to him the said sum of $3,500, and the unpaid salary due him, aggregating the sum sued for; that the company was insolvent at the time appellant purchased the shares of stock, and that appellees knew or should have known it, and issued the shares to him at par value, and used the money paid for the stock to pay outstanding obligations of the company; that on January 8, 1922, the company filed its voluntary petition in bankruptcy, and has been adjudicated bankrupt. He prayed for judgment against each of appellees, jointly and severally. On March 22, 1926, appellant filed his amended petition, complaining of the same parties, R. C. Nelms, A. C. Lewis, John Wilkins and R. A. Moore, and substantially upon the same facts as in the original petition, and prays for judgment against each of appellees.

On January 29th, appellees Nelms, Lewis, and Wilkins filed their amended original answer, in which they plead that, as to them, the suit is upon an oral contract, and that no citation was gotten out as to them until January 17, 1924, at which time the two-year statute of limitation (Vernon's Ann. Civ. St. 1925, art. 5526) had barred the appellant's cause of action. They further answered by general demurrer, and special exceptions, general denial, special denial of any knowledge of any alleged representations made by R. A. Moore to appellant, but that the written statement of February 9, 1921, exhibited by appellant, was and is an accurate statement of the financial condition of the company at

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

that time, as far as they have information; that Moore was the secretary of the company and got up the statement; that some kind of arrangement was entered into between Moore and appellant by which appellant bought stock of the said Porter Leather Novelty Company, and that appellant was to be made secretary treasurer of the company at a stated salary per month. Then in several sections of their answer they plead defensive matters not deemed necessary to state here.

On March 22, 1926, appellant filed a supplemental petition in reply to the answer of Nelms, Lewis, and Wilkins, not necessary to state, but as to Moore it recites that on October 28, 1922, citation was issued and served on him, that Moore's deposition was taken, and prays for judgment as in his amended petition. On January 29, 1926, Nelms, Lewis, and Wilkins filed a supplemental answer in reply to appellant's supplemental petition, and stated certain defensive matters.

The record recites that, "entered Tuesday, March 23, 1926, as of the 22d day of March, 1926, this day came on to be heard the above-styled suit (Ball v. Nelms et al.), and, plaintiff and defendants having announced ready for trial, then came on to be heard the plea in abatement of the defendants R. C. Nelms, A. S. Lewis, and John Wilkins, as contained in the second amended original answer of said defendants, and the answer to the said plea contained in the plaintiff's first supplemental petition, and, the said defendants having urged their first special exception contained in the said defendants' first supplemental answer, wherein said defendants object to the second paragraph of plaintiff's supplemental petition, and the court being of the opinion that the said special exception is good and should be sustained, it is therefore ordered that the first special exception be, and the same is hereby, sustained," and, appellant refusing to amend, dismissed the suit as to the said three defendants, to which action of the court the plaintiff then and there excepted.

[1] Thereafter, on May 21, 1926, the record states that on that day the cause was regularly reached and duly called for trial, and that "plaintiff appeared in person and by attorney and announced ready for trial, and the defendant R. A. Moore, having been duly served with citation and having entered herein an appearance and answered by general demurrer and general denial, appeared not, and no attorney appeared for him," but wholly made default, and that plaintiff requested that an interlocutory judgment be entered in his favor against defendant R. A. Moore—that "the plaintiff, J. W. Ball, have and is hereby given and granted, and there is hereby entered by the court, an interlocutory judgment in favor of plaintiff, J. W. Ball, against the defendant R. A. Moore, and that said interlocutory judgment shall be entered upon the minutes as an interlocutory judgment to be made final with and in the final judgment in this case;" but the record shows that the cause of action is not liquidated and proved by an instrument in writing, and there was no subsequent hearing of evidence or assessment of damages, or trial of the case upon its merits, and no disposition of the case as to Moore or as to the other parties other than the above. The judgment as to Moore by its recitations is purely and simply interlocutory, and has none of the elements of finality.

[2] While the court erroneously entered the default judgment, Moore having, by the recitation in the judgment, filed answer, yet, the court not having finally disposed of the issues as to Moore, the default judgment still being interlocutory and not final, no appeal therefrom will lie so as to confer jurisdiction upon this court. Tarrant County v. Lively, 25 Tex. Supp. 399; Miller v. Farmers' State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 540; Leyhe v. McNamara (Tex. Com. App.) 243 S. W. 1074.

For want of jurisdiction in this court, the appeal is dismissed.