**Frank CULICCHIA, Appellant,**

v.

**E. A. TAORMINA, Appellee.**

No. 13565.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 24, 1960.

Johnson, Hester, Jenkines & Toscano, Harlingen, Henrichson & Bates, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellee.

POPE, Justice.

Whether this is an appeal from a final judgment is the point we must determine at the outset. Appellee filed a motion to dismiss the appeal because the judgment was not the final judgment. Appellant, rather than risk the loss of an appeal, in the event the judgment is a final one, has perfected an appeal.

Plaintiff, Frank Culicchia, sued E. A. Taormina and others for a final accounting upon the termination of a partnership. The partnership, known as Taormina Company, consisted of a canning plant in Donna, Texas, with branches in Yoakum, Texas, and Orange, California. Plaintiff and the defendants operated the business as a partnership under the terms of a written agreement which terminated on December 31, 1956. By stipulation, plaintiff owned 538/3516 interest in the fixed assets of the partnership, and those assets were withdrawn from the consideration of the jury and court. Other phases of the suit were submitted to a jury. From the findings and stipulations, the court then awarded plaintiff $8,600 for unpaid salary, $2,000 for an auditor's fee, $15,000 for his share in the good will of the business, $113,437.29, plus interest from December 29, 1957, as his share in the assets of the Donna branch, $10,401.03, plus interest, as his share in the assets of the Yoakum branch; and his proportionate interest in the Orange, California, branch which had been sold.

In determining whether the judgment was a final one, we are limited largely to what the court stated by the judgment, and what might have been or could have been done is not the issue. There may be more than one way to write a judgment in an accounting suit, but we need only to determine what was done in this case.

The judgment was carefully drawn and shows painstaking care in disposing of complex accounting problems. Throughout the judgment, the court makes rather clear what was intended, and while it is true that an instrument is what it is, without regard to the label appended to it, when a judgment contains words and internal evidences of its nature, we will not ignore them. The judgment was rendered after plaintiff, appellant here, moved for an interlocutory judgment on the verdict. The court in the judgment stated that it took certain matters under advisement "until the date of this interlocutory judgment." It recites again that the court considered the findings, the stipulations, and the undisputed facts and questions of law, and "is of the opinion, and does hereby find, that an interlocutory judgment should be entered in this case as follows: * * *"

The judgment gives reasons for entering an interlocutory judgment rather than a final judgment. There was property of the partnership which was yet to be valued and divided. This property may be of considerable value, since it includes real estate, farm equipment and machinery, trucks, trailers and field equipment. That the partnership accounting with respect to those properties was not ripe for decision is found in the judgment, which states that a "Commissioner should be appointed by the Court to divide the said assets in kind, if susceptible thereto, and if not, to sell the said assets and divide the proceeds thereof." In other words, those matters have not yet even been considered. All doubt about this matter should be removed by the judgment which ultimately states: "and the Court does hereby reserve jurisdiction over said matters, and final judgment will be rendered on such

matters withdrawn from the jury on proper disposition thereof, either by partition in kind or by sale by a Master in Chancery or a commissioner or commissioners to be appointed by the Court as the parties may agree, or in the absence of an agreement to be named and appointed by the Court in accordance with this Judgment." See E. L. Wilson Hardware Co. v. Duff, 37 Tex. Civ.App. 446, 83 S.W. 907. And, finally, the judgment orders: "It is further ordered and decreed by the Court that the assessment of Court costs of this suit shall be reserved for the final decree and judgment herein."

The court explicitly and repeatedly stated that this was an interlocutory and not a final judgment. Ball v. Nelms, Tex.Civ. App., 293 S.W. 335. Appellant's brief calls the judgment an interlocutory judgment. Since this appeal is not an appeal within the time and in the manner of an appeal from an interlocutory judgment, it must be an appeal on the merits. However, this is not an appeal from a partition proceeding wherein one may appeal from a decree which determines the share of each owner, all questions of law or equity affecting the title, appointing commissioners and giving them direction. Marmion v. Wells, Tex.Civ.App., 246 S.W.2d 704. Except for settling the fractional interests, the judgment even yet has not made those determinations. It states that it will do those things in the future. Many decisions are yet unmade, but are reserved.

This appeal, therefore, is from a partial accounting, and there are or may be matters of importance yet to be decided by court or jury. A further judgment is contemplated and is necessary. If this partial judgment be appealable, the remaining matters of accounting may be again divided, decided, and appealed. Numerous appeals in accounting suits are not permitted, for they too are subject to the rule that there must be one final judgment. As expressed in Leyhe v. McNamara, Tex.Com.App., 243 S.W. 1074, 1077, an accounting suit,

"The judgment was never finished." Accord, Bailey v. Shaw, Tex.Civ.App., 26 S.W.2d 669; First Nat. Bank of Houston v. Weiner, Tex.Civ.App., 253 S.W. 615.

The appeal is dismissed.