Christopher GREGORY, Appellant,

v.

Lee H. LYTTON, Jr., et al., Appellees.

No. 14633.

Court of Civil Appeals of Texas.

San Antonio.

Nov. 1, 1967.

Rehearing Denied Dec. 27, 1967.

Frances Tarlton Farenthold, Wood, Boykin, Rylee & Wolter, Corpus Christi, for appellant.

Perkins, Floyd, Davis & Oden, Alice, Horkin, Nicolas & Nicolas, Corpus Christi, Elmore H. Borchers, Laredo, for appellees.

KLINGEMAN, Justice.

This is an appeal from an order dismissing a petition in the nature of a bill of review in Cause No. 13850 in the District Court of Jim Wells County, 79th Judicial District, which bill of review was filed by appellant, Christopher Gregory, also referred to as Brother Leo, to review and set aside an order in Cause No. 12074, dated September 1, 1964, in the same court.

Appellant's only point of error is that the trial court erred in holding that the judgment in cause No. 12074 "is an interlocutory judgment and not a final judgment, and for such reason is not properly the subject of a suit in the nature of an equitable bill of review, and by reason of such holding in dismissing plaintiff's said suit for bill of review."

The principal question to be determined by this Court is whether the judgment of September 1, 1964, is interlocutory, and therefore not subject to bill of review, although appellee Bishop Drury has a counterpoint to the effect that even if the judgment in Cause No. 12074 was final, which he asserts is not the case, the record on its face shows that such judgment is based on a contract dated October 28, 1963, con-

taining strict provisions for specific performance, and the bill of review of appellant filed on March 8, 1966, is thereby barred by limitation and laches.

The controversy involves the properties and affairs of Sarita K. East, who died on February 11, 1961. Prior to her death, Mrs. East organized and had incorporated under the Texas Non-Profit Corporation Act, the John G. and Marie Stella Kenedy Memorial Foundation, for religious, charitable and educational purposes. Initially, Mrs. East was the sole member thereof, but under date of February 11, 1960, Mrs. East appointed Jacob S. Floyd and Lee H. Lytton, Jr., as co-members of such foundation. Sometime thereafter she requested and received their resignations as members. On December 30, 1960, Mrs. East made an additional appointment of Christopher Gregory as co-member during her lifetime. The will of Sarita K. East, dated January 22, 1960, in addition to devises to a number of relatives and former employees, left the residue of her estate to her foundation. A First Codicil to said will, bearing the same date as the will, named the Bishop of the Diocese of the Roman Catholic Church of Corpus Christi as her successor to membership in such foundation upon her death. Thereafter, Mrs. East made Second, Third, Fourth and Fifth Codicils to such will, and under the Third Codicil revoked the First Codicil and appointed Peter Grace, Christopher Gregory and Father Patrick J. Peyton as successor members to her after her death. In such will Edgar Turcotte, Jacob S. Floyd and Alice National Bank were named executors. A contest to such will was filed in Kenedy County by Raul Trevino and others claiming to be blood heirs at law of Sarita K. East, and such will contest was pending at the time of the judgment of September 1, 1964. There was also pending at such time a suit in the District Court of Kenedy County to set aside certain inter vivos deeds from Sarita K. East to the John G. and Marie Stella Kenedy Memorial Foundation, and an injunction had issued out of the District Court of Kenedy County, Texas, in Cause No. 85, styled Arnold R. Garcia, Temporary Administrator of the Estate of Sarita Kenedy East, Deceased v. The John G. and Marie Stella Kenedy Memorial Foundation et al., wherein the parties thereto were enjoined from disposing or transferring certain purported assets of the foundation pending determination of the action.

Cause No. 12074 was commenced on the 19th day of April, 1961, by Lee H. Lytton, Jr., complaining of the John G. and Marie Stella Kenedy Foundation and others, including appellant, in which petition plaintiff asked that a temporary injunction issue pending trial of the case, enjoining appellant and others from withdrawing funds from the foundation, from executing any contracts affecting certain lands, and other injunctive relief, and that on final hearing the court enter its declaratory judgment that Lytton and Jacob S. Floyd were the only legal members of the foundation; that defendants Gregory and Grace be required to file an accounting with the court and to return to the defendant foundation any assets received by them as a result of undue influence practiced by them on Mrs. East, and other relief. Thereafter, various answers, cross-actions, amended pleadings, and petitions of intervention were filed in said case by various parties, some of them seeking relief similar to that asked by plaintiff Lytton. The temporary injunctive relief prayed for was granted by the court, and the temporary injunction was continued from time to time. As a result of motions to strike, the plea of intervention filed in said cause by Raul Trevino et al., was stricken and dismissed from said cause, and the defendants in intervention, Alice National Bank, Edgar Turcotte and Jacob S. Floyd as Executors of the Estate of Sarita K. East, deceased, were dismissed from said suit insofar as said petition in intervention was concerned. An appeal therefrom was taken by Raul Trevino et al., and the Waco Court of Civil Appeals dismissed such appeal on the basis that it was not an appeal from a final judgment. Kimmel v. Lytton,

Tex.Civ.App., 371 S.W.2d 927 (1963, writ ref'd).

On September 1, 1964, the trial court entered the order from which appellant sought a bill of review. The order recites that all parties to such action have approved the judgment, and on such judgment under the heading "Approved as to Form and Substance" is found the signature of appellant, Christopher Gregory, together with the signatures of other parties and attorneys in said cause. The order decrees certain people, not including appellant, to be the present and only legally authorized and elected members, directors, and officers of the John G. and Marie Stella Kenedy Foundation; confirms and ratifies certain amendments to the Articles of Incorporation of such Foundation; vacates and dissolves temporary restraining orders theretofore issued; enjoins and restrains all parties from disposing of, dissipating, removing from the territorial limits of the State of Texas, or expending any money or royalties heretofore or hereafter received by the Foundation under three instruments described in such order, with certain exceptions as to payment of taxes, etc.; dismisses various parties to the suit; recites that a temporary injunction has heretofore issued out of the District Court of Kenedy County, Texas, as a result of which the parties hereto have refrained from executing and delivering an assignment of a production payment in oil, gas and other minerals in certain lands, from the John G. and Marie Stella Kenedy Memorial Foundation to the Sarita Kenedy East Foundation, Inc., a copy of which instrument is attached to the judgment as an Exhibit, and the proper parties are authorized to execute, acknowledge, and deliver such assignment upon the vacation or avoidance of such temporary injunction and the temporary injunction hereinabove provided for. Said judgment further recites: "This is an interlocutory order and shall remain in full force and effect until further ordered by this Court," and provides that "All costs of suit shall abide the issue."

Appellant contends that the judgment of September 1, 1964, did dispose of all issues and parties in the case; that the injunction and order authorizing and directing a future act were merely incidental to the main relief granted; that the word "interlocutory" as used in such judgment was merely intended to show that the injunction therein issued was temporary in nature and would be dissolved by further order of the court when no longer necessary; that the mere fact that disposition of costs remain to be determined does not prevent a judgment from being final; and that evidence aliunde the judgment and pleadings in such cause is not determinative of the finality of such judgment. Appellant cites a number of cases in support of his contention, but, insofar as we have been able to ascertain, none of such cases involved an agreed judgment and in none of them was it expressly stated by the trial court that the judgment was interlocutory.

Appellees contend that the judgment was not final because: (1) It was expressly stated otherwise in such judgment. (2) The order was interlocutory in its nature. (3) Further action of the court of some kind or character is contemplated and actually indispensable. (4) The costs of suit were left open and not taxed or paid. (5) The court itself, in addition to signing the order containing the language that it was interlocutory, made a docket entry indicating that the order was interlocutory and not final. (6) The clerk of the court continued to carry such case as an active case and not as a case closed by final judgment. (7) Some of the parties to such suit continued to file additional pleadings and other papers in said cause after the entry of the judgment. (8) The order standing alone is interlocutory in nature, but that such order expressly refers to a collateral settlement agreement which should be approved and judgment entered in accordance with such settlement agreement; and that such settlement agreement, which was admitted into evidence as an exhibit, makes the judgment in Cause No. 12074 contingent on the results of the will

contest in Kenedy County, and when such judgment of September 1, 1964, is construed with the collateral agreement it is obvious that the judgment under attack is interlocutory and not final.

■ The general rule is that a judgment to be final must dispose of all issues and parties in a case. North East Independent School District v. Aldridge, 400 S.W.2d 893 (Tex.Sup.1966); Hargrove v. Insurance Inv. Corp., 142 Tex. 111, 176 S.W.2d 744 (1944). But, as stated by Justice Calvert in North East v. Aldridge, supra, "The rule is deceiving in its apparent simplicity and vexing in its application." In 4 McDonald, Texas Civil Practice § 17.03 (1950), it is stated: "There is a great body of precedent upon the difficult question of whether a particular decision of the court represents a 'final' or an 'interlocutory' judgment. * * * It thus frequently becomes a problem in construction to determine whether the particular decision was 'final' for the purpose of the question before the court. This problem must be resolved by a determination of the intention of the court gathered from the language of the decree and the record as a whole, aided on occasion by the conduct of the parties."

It appears clear that the court intended that such judgment be interlocutory, because not only does it expressly state so in such judgment, but in the judgment dismissing appellant's bill of review in the case on appeal the trial court makes findings, among others, that it was the intention of the parties and the court to enter a temporary order; that "The word 'interlocutory' contained in the temporary order entered in Cause No. 12,074 was used with cautious and deliberate design;" that by said wording the temporary order entered in said cause was expressly made interlocutory in its entirety.[1] As to the intentions and con-

1. Other findings made by the court were: "(1) that at the time the temporary order was entered there was pending a contest of the Last Will and Testament of Sarita K. East, Deceased, being Cause No. 348 (hereinafter called the 'will contest') on the docket of the County Court of Kenedy County, Texas; (2) that the parties and this Court in Cause No. 12,074 clearly recognized that the outcome of the will contest might substantially affect Cause No. 12,074 because the Last Will and Testament of Sarita K. East, Deceased, under attack in said will contest, devises and bequeaths her residuary estate to the John G. and Marie Stella Kenedy Memorial Foundation (hereinafter called the 'Foundation'); (3) that because the will contest involved assets of Sarita K. East, Deceased, which may, or may not be, ultimately administered by the Foundation, neither the parties nor the Court on September 1, 1964, intended to have entered a final judgment in said Cause No. 12,074; (4) that at the time the temporary order was entered there was also pending a suit to set aside certain inter vivos deeds from Sarita K. East, Deceased, to the Foundation, the same being Cause No. 85, styled Arnold R. Garcia vs. The John G. and Marie Stella Kenedy Memorial Foundation, et al, on the docket of the District Court of Kenedy County, Texas, 105th Judicial District (hereinafter called the 'deed suit'); (5) that the parties and this Court in Cause No. 12,074 recognized that the outcome of the deed suit might substantially affect Cause No. 12,074 because said deed suit involves a substantial portion of the Foundation assets; (6) that consequently neither the parties nor the Court on September 1, 1964, intended to have entered a final judgment in Cause No. 12074, due to the bearing of the deed suit upon said Cause No. 12,-074; (7) that there existed the possibility of a number of issues or the entire action in Cause No. 12,074 being rendered moot if Plaintiffs in both the will contest and the deed suit were successful; (8) that the parties in Cause No. 12,-074, intended to enter a temporary order which may become a final judgment in the event Plaintiffs in both the will contest and the deed suit are unsuccessful, but the parties in Cause No. 12,074 did not intend to provide for alternative judgments based upon other possible results in the will contest and the deed suit; (9) that although the temporary order entered in Cause No. 12,074 might lead to a final judgment, the outcome in the will contest and deed suit must first be known; (10) that it was the intention of the parties and the Court to enter a temporary order only in Cause No. 12074

duct of the parties, such judgment of September 1, 1964, recites that all parties to such action have approved the same, and the judgment contains the signatures of appellant and other parties and attorneys in such suit. The record reflects that the court made a docket entry that such order was interlocutory; that on the docket of such court said case was continued to be carried as an active case, and after the date of such judgment there were entries made on different occasions, such as "passed," and that some of the parties continued to file additional pleadings in the case.

■ This Court in Culicchia v. Taormina, Tex.Civ.App., 332 S.W.2d 803, 804 (1960, no writ), stated:

"In determining whether the judgment was a final one, we are limited largely to what the court stated by the judgment, and what might have been or could have been done is not the issue. There may be more than one way to write a judgment in an accounting suit, but we need only to determine what was done in this case. ·

"The judgment was carefully drawn and shows painstaking care in disposing of complex accounting problems. Throughout the judgment, the court

makes rather clear what was intended, and while it is true that an instrument is what it is, without regard to the label appended to it, when a judgment contains words and internal evidences of its nature, we will not ignore them. * * *

"The court explicitly and repeatedly stated that this was an interlocutory and not a final judgment. Ball v. Nelms, Tex. Civ.App., 293 S.W. 335. * * *"

See also the recent case of State v. Starley, 413 S.W.2d 451 (Tex.Civ.App.—Corpus Christi, 1967).

■ In addition to the express statement in the judgment by the trial court to the effect that "This is an interlocutory order and shall remain in full force and effect until further ordered by this court," there are certain judicial acts to be performed by the trial court in said cause in the future. At some future date, it will be necessary for the trial court to act upon the temporary injunction provided for in such order, to assess all costs of suit, and to determine the effect of any change in the temporary injunction issued in the District Court of Kenedy County. See 33 Tex.Jur.2d Judgments § 85 (1962).[2]

because of the various contingencies herein described; (11) that the settlement agreement executed by the parties and the agreed temporary order entered pursuant thereto in Cause No. 12,074 recognizes the possible effect which the will contest and the deed suit might have on any future final judgment in Cause No. 12,074; (12) that because of the various contingencies, this Court in its order in Cause No. 12,074 included in the temporary order a temporary injunction enjoining the parties from 'disposing of, dissipating, removing from the territorial limits of the State of Texas, or spending any monies and/or royalties heretofore or hereafter received by the John G. and Marie Stella Kenedy Memorial Foundation, its officers, directors, members, agents, employees and representatives * * *,' which temporary injunction is still in full force and effect; (13) that the court therefor provided in its temporary order in said Cause No. 12,074, that all costs of suit would

not be taxed until entry of final judgment; and (14) that some of the parties amended their pleadings subsequent to the entry of the temporary order in Cause No. 12,074, * * *."

2. "A final judgment is one that determines the rights of all the parties to the suit, and disposes of all the issues involved on their merits. Thus, a judgment is final where no further action adjudicating the rights of the parties may be taken by the court. But to constitute a final judgment it is not sufficient that the court has made a ruling that should logically lead to a final disposition of the cause; the consequence of the ruling to the parties must be also declared. The very object of a suit is to adjudicate and declare respective rights so that the ministerial officers can with certainty carry the judgment into execution without the ascertainment of additional facts; where this is not the case the judgment is not final."

It is our opinion that appellees' counterpoint to the effect that the trial court correctly held that the judgment in Cause No. 12074 is interlocutory and not subject to attack by Bill of Review and appellant's suit was properly dismissed, should be sustained. In view of such holding, we do not pass upon appellee Father Drury's counterpoint that the Bill of Review of appellant is barred by limitation and laches.

Appellant's sole point of error is overruled. The judgment of the trial court is affirmed.