Rayburn MacNELLY, Appellant,

v.

CAMERON COUNTY, Texas, Appellee.

No. 1595.

Court of Civil Appeals of Texas, Corpus Christi.

Oct. 22, 1979.

Seldon Snedeker, Drew Littleton, Brownsville, for appellant.

E. R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellee.

## OPINION

PER CURIAM.

This is an appeal from a judgment styled "Interlocutory Declaratory Judgment" rendered by the 103rd District Court of Cameron County, Texas. The initial question before us is whether the judgment is a final appealable judgment.

Cameron County, Texas (County), sued Rayburn MacNelly (MacNelly), the Cameron County Auditor, and Kenneth Lieck (Lieck), the Cameron County Purchasing agent, seeking a declaratory judgment and alternatively, a writ of mandamus. The County's original petition alleged, in substance, that; 1) on January 11, 1979, the Cameron County Commissioners' Court (Commissioners' Court) adopted a consolidated road system for Cameron County and appointed Salvador Rodriguez to the position of Superintendent of such system; 2) at a special meeting held on March 22, 1979, the Commissioners' Court adopted amendments to the 1979 County budget relating to the consolidated road system; 3) the following day, the Cameron County District Attorney, Selden N. Snedeker, informed the Cameron County Judge, R. A. Ramon, in writing that he had instructed MacNelly (County Auditor) not to expend any funds pursuant to the 1979 budget amendments passed on March 22; 4) during an emergency session) held on April 2, 1979 by the Commissioners' Court, MacNelly (Auditor) and Lieck (Purchasing Agent) stated that the budget amendments would not be honored by their respective offices; and 5) that such refusals created an impasse in the orderly administration of Cameron County.

In accordance with these allegations, the County prayed for a declaration that the 1979 budget amendments relating to the consolidated road system were legal, valid and binding upon MacNelly and Lieck in their official capacities. The County prayed in the alternative for a writ of mandamus commanding MacNelly and Lieck to administer such 1979 budget amendments as adopted by the Commissioners' Court. In support of this additional ground of relief, the County alleged that: 1) each defendant had refused to honor the 1979 budget amendments; 2) such refusals to act were not within their discretion; 3) each defendant had the power and duty to administer the amendments; and 4) the County had no adequate and sufficient remedy other than mandamus to compel performance.

MacNelly and Lieck filed a joint answer, the substance of which alleged, in relevant part, that: 1) no substantial controversy existed between the parties as to the County's ability to consolidate the County's road system; 2) a controversy did exist as to the manner in which the Commissioners' Court attempted to consolidate the road system during the January 11, 1979, meeting because the Commissioners' Court failed to follow the requirements of the Open Meetings Law, Tex.Rev.Civ.Stat.Ann.Art. 6252–17 (Supp.1979); 3) the notice of the January 11 meeting was insufficient to apprise the public of the action to be taken; 4) the agenda of the March 22, 1979, meeting was insufficient to apprise the public of the action to be taken and such agenda was not posted in the county courthouse as required by law; 5) the action of the Commissioners' Court on January 11 was void and of no

effect as such action was taken without a showing that certain specified statutory conditions were met; and 6) the Commissioners' Court's action in attempting to amend the County's 1979 budget was of no force or effect because certain specified necessary findings concerning the existence for an "emergency" were not included in the minutes, and under the circumstances, such an emergency did not exist. In accordance with these allegations, the defendants prayed that a declaratory judgment not be entered. As to the County's alternative prayer for mandamus, the defendants adopted all of the foregoing allegations and admitted that "they have refused to honor the said invalid budget amendment."

In addition to the above mentioned joint answer, MacNelly alone filed a cross action against the Cameron County Judge, R. A. Ramon, and Cameron County Commissioners, Eduardo A. Lucio, Jr. and Joe G. Villarreal, alleging that each had committed specified acts of misconduct in consolidating the road system and in approving the budget amendments in contravention of their official duties and the laws of Texas. In accordance with these allegations, cross-plaintiff MacNelly prayed that the trial court declare these officials to have committed official misconduct. Each cross-defendant filed a general denial.

Prior to trial, the County filed a "Motion to Disqualify" the County District Attorney, Selden N. Snedecker, from representing MacNelly or Lieck on the basis that such representation in a suit involving the County conflicted with his position as an official of the County. This motion was overruled by the trial judge prior to the trial on the merits. A similar motion was filed in this Court. In view of the disposition that we take herein, it is not necessary to rule on this motion and the same is dismissed.

The cause proceeded to a nonjury trial on June 6, 1979, and after hearing evidence the trial judge entered a judgment styled "*Interlocutory Declaratory Judgment*" in favor of the County. The substance of the findings and declarations as stated in the judgment are as follows:

1) The trial court has jurisdiction to enter declaratory relief and a justiciable controversy which is a proper subject of declaratory relief exists between the parties.

2) The notices posted for the Commissioners' Court meetings of January 11, 1979, and March 22, 1979, substantially complied with the Texas Open Meetings Act.

3) The Commissioners' Court is a legislative body which has the right to determine when an emergency exists, a determination that is not subject to review by the courts.

4) The actions of the Commissioners' Court on January 11, 1979, and March 22, 1979, are valid and binding upon MacNelly and Lieck in their official capacities.

5) "The issue of mandamus will not be ruled upon until it is shown that the Defendants have refused to obey this Declaratory Judgment."

In addition to these declarations, the trial court's judgment also taxed the "*[c]osts incurred through the date of rendition of this Declaratory Judgment*" against the defendants.

The County has filed a motion to dismiss this appeal on the basis that the trial court's judgment is in fact and shows on its face that it is an interlocutory nonappealable judgment. This is so because the judgment expressly reserves the mandamus issue for future consideration. MacNelly, the only defendant who attempted to appeal, contends, on the other hand, in the first point of error in his brief that the trial judge erred by entering a judgment styled "Interlocutory Declaratory Judgment" when the judgment entered was final.

■ As a general rule, a judgment, in order to be final for appeal purposes, must dispose of all issues and all parties in the case. *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 895 (Tex. 1966); *Davis v. McCray Refrigerator Sales Corporation*, 136 Tex. 296, 150 S.W.2d 377 (1941). After noting that the above rule is

"deceiving in its apparent simplicity and vexing in its application," Justice Calvert, writing for the Texas Supreme Court in *North East Independent School District v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966), analyzed prior case law and then set forth the following rule "for determining, in most instances, *whether judgments in which parties and issues made by the pleadings are not disposed of in express language are, nevertheless, final for appeal purposes*:" (emphasis added)

> "When a judgment, *not intrinsically interlocutory in character*, is rendered and entered in a case regularly set for a conventional trial on the merits, no order for a separate trial of issues having been entered pursuant to Rule 174, Texas Rule of Civil Procedure, it will be presumed for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of all issues made by the pleadings between such parties.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> Of course, the problem can be eliminated by careful drafting of judgments to conform to the pleadings or by inclusion in judgments of a simple statement that all relief not expressly granted is denied." (Emphasis added)

The presumption of finality announced in *Aldridge* does not apply to the case at bar because the judgment, on its face, expressly reserves for future determination the issue of whether or not mandamus will issue as prayed for by the County. See *Campbell v. Campbell*, 550 S.W.2d 164 (Tex.Civ.App.— Austin 1977, no writ). It is clear to us that the trial court intended that a future hearing would be necessary for the purpose of determining whether or not as a matter of fact the County is entitled to the writ of mandamus requiring the defendants to administer the 1979 amendments to the County budget.

It must be remembered that, to be final, a judgment must determine the rights of the parties and dispose of all issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy. *Wagner*

*v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890 (1956). It is generally stated that a judgment is interlocutory when it determines less than all of the issues as to all parties, thereby leaving "something further to be determined and adjudicated by the court in disposing of the parties and their rights." 4 McDonald, Texas Civil Practice, § 17.03.1 (1971). In determining whether or not a judgment is final, the pleadings, evidence and recitations of the judgment must be taken into consideration. *Ferguson v. Ferguson*, 161 Tex. 184, 338 S.W.2d 945, 947 (Tex.Sup.1960); *Gregory v. Lytton*, 422 S.W.2d 586, 589 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.); *Laurie v. Stabel*, 482 S.W.2d 652, 654 (Tex.Civ.App.— Amarillo 1972, no writ).

In this case the trial judge intended the judgment to be an interlocutory order, pending a future determination of the issue of mandamus. Such intention is expressly stated in the judgment. In addition, the costs of the proceeding. which were taxed against the defendants were limited to those incurred to date and did not include costs incurred during the contemplated mandamus hearing. Because the trial judge expressly reserved determination on the mandamus issue for some future date, it will be necessary for the trial court to act upon such issue and to assess the additional costs incurred. In *Gregory v. Lytton*, 422 S.W.2d 586 (Tex.Civ.App.—San Antonio 1967, writ ref'd n. r. e.), an appeal under similar circumstances was dismissed for want of jurisdiction. This Court's case of *State v. Starley*, 413 S.W.2d 451 (Tex.Civ. App.—Corpus Christi 1967, no writ), cited by the appellant is clearly distinguishable from the present action.

It is our opinion that appellant has prematurely appealed from an interlocutory order and that appellee's motion to dismiss for want of jurisdiction should be granted.

Appeal dismissed.