**COASTAL REFINING & MARKETING, INC., Appellant,**

v.

**George Wayne LATIMER, et al., Appellees.**

No. 13–92–132–CV.

Court of Appeals of Texas, Corpus Christi.

May 14, 1992.

Rehearing Overruled Oct. 29, 1992.

Ken Dahlberg, Wood, Burney, Cohn & Bradley, Corpus Christi, for appellant.

Patrick L. Beam, Burkett & Beam, Corpus Christi, for appellees.

## OPINION

PER CURIAM.

Appellant, Coastal Refining and Marketing, Inc., is attempting to appeal a modified judgment of the trial court which awarded damages to George Latimer. We dismiss for lack of jurisdiction.

This case presents the question of whether a previous judgment entered by the trial court in this action was final. A detailed history of the case is necessary to explain our disposition.

The transcript reflects that Latimer sued Coastal for injuries he allegedly suffered through the negligence of Coastal. CIGNA Insurance Company intervened in the case prior to judgment. The case was tried on the merits. Judgment was entered in the case on June 14, 1991. The judgment appeared to be a final judgment in all respects. It awarded damages to plaintiff against Coastal. It contained the language, "All other relief not expressly granted herein is denied." The judgment did not expressly name CIGNA, the intervenor, in the judgment. After judgment, CIGNA filed a timely motion to vacate and modify or, alternatively, a motion for new trial. CIGNA alleged in the motion that the judgment failed to dispose of the claims of the intervenor.

Thereafter, we received a transcript on August 13, 1991, and marked it filed on that date. The statement of facts was due on October 14, 1991. On November 13, 1991, we received Coastal's motion requesting an extension of time to file the statement of facts which stated that the trial court's judgment of June 14, 1991, was interlocutory. The Court denied the motion for extension of time to file the statement of facts as untimely. We allowed Coastal to supplement the original transcript which included the modified judgment which Coastal attempts to appeal from in this case. The modified judgment was signed by the trial court on November 25, 1991, which is after the plenary power of the trial court expired if, indeed, the judgment of June 14, 1991, was final. Coastal again requested us to allow it to file the statement of facts or dismiss the case. We dismissed the case on Coastal's motion on February 22, 1992. CIGNA has never responded to any of the Court's correspondence.

We have a transcript before us, received on March 23, 1992, in which Coastal is now attempting to appeal from the modified judgment, entered by the trial court on November 25, 1991. We notified Coastal by letter that we were of the opinion that the June 14, 1991 judgment was a final judgment and the court's plenary power over that judgment ended before the modified judgment was signed on November 25, 1991.

■ Coastal argued in response to our letter that the presumption of finality cannot stand in the face of an omission of a party from the judgment, the action of the

plaintiff in filing a motion for new trial from the second judgment, and the trial court's action in modifying the judgment.

The determination of whether an appeal from a judgment in a conventional case tried on its merits is final for appeal purposes was simplified in *North East Independent School District v. Aldridge.*[1] In *Aldridge,* the Supreme Court held: "When a judgment not intrinsically interlocutory in character is rendered and entered in a case regularly set for a conventional trial on the merits ... it will be presumed for appeal purposes that the Court intended to, and did, dispose of *all parties* legally before it and all issues made by the pleadings between such parties.... Of course, the problem can be eliminated *entirely* by a careful drafting of judgments to conform to the pleadings *or* by inclusion in judgments of a simple statement that all relief not expressly granted is denied." *Id.* at 897–98. Since *Aldridge,* there have been no problems in determining finality in conventional cases tried on the merits. The problems, up to this point, have arisen only in determining finality in summary and default judgment cases in which the *Aldridge* presumption is inapplicable. *Houston Health Clubs v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex.1986). *Aldridge* states, in very clear terms, that the determination of finality is two-part. First, if the case is a conventional case, tried on the merits, we apply the presumption of finality. Second, if the judgment contains the Mother Hubbard clause, it further dispels any question of finality. The Mother Hubbard clause,[2] even when used in a summary judgment case, expressly disposes of all parties and claims and constitutes a final judgment. *Schlipf v. Exxon Corp.,* 644 S.W.2d 453 (Tex.1982).

In this case, the judgment of June 14, 1991, purports, in all respects, to be a final judgment. Nothing appears in the judgment to indicate that the trial court is considering further action in the case. The only problem with the judgment is that the intervenor is not specifically named. However, the judgment includes the language of finality set forth in the *Aldridge* opinion which alleviates as a matter of law any doubt as to the trial court's intention.

Coastal urges us to look beyond the face of the judgment to determine jurisdiction. He cites *MacNelly v. Cameron County*[3] and *Laurie v. Stabel,*[4] for the theory that there are many judgments containing the Mother Hubbard clause, which after analysis, were considered not final. In *MacNelly,* we held that the judgment in question was not final because the judgment expressly reserved for future determination the issue of whether a mandamus would issue. The *MacNelly* court did not state that the judgment in that case contained the Mother Hubbard clause. Likewise, in *Laurie,* the Court did not state that the trial court's judgment contained the Mother Hubbard clause. Coastal also urges that *Hunt Oil Co. v. Moore*[5] supports its position because one party was claiming that the other failed to timely appeal an earlier "judgment" which contained a "Mother Hubbard" clause. We read *Hunt* to say that the *second* judgment, which the Supreme Court found appealable, was the judgment containing the language of finality, denying all relief not expressly granted.

We reject Coastal's theory and hold that the judgment entered on June 14, 1991 was final and appealable. The rule in *Aldridge* is both sound and necessary for an orderly and uniform way of determining our jurisdiction. We further hold that the trial court was without power to modify its judgment on November 25, 1991. *See* Tex. R.Civ.P. 329b(e). We dismiss for lack of jurisdiction.

---

1. 400 S.W.2d 893 (Tex.1966).

2. This is the clause which states: "All relief not expressly granted is denied."

3. 590 S.W.2d 182 (Tex.Civ.App.—Corpus Christi 1979, no writ).

4. 482 S.W.2d 652 (Tex.Civ.App.—Amarillo 1972, no writ).

5. 639 S.W.2d 459 (Tex.1982).