Kimberly Cashi QUEBODEAUX, Ronald James Quebodeaux, and Christine Renee Harrison, Appellant,

v.

Verna Jean LUNDY and Jeffrey Celestand, Appellee.

No. 12–97–00225–CV.

Court of Appeals of Texas, Tyler.

Aug. 31, 1998.

T.W. Proctor, Houston, for appellant.

Jeffery Celestand, pro se.

Jeffrey Bruce Dymert, Houston, for appellees.

Verna Jean Lundy, pro se.

Before RAMEY, C.J., HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

Appellants, Kimberly Quebodeaux, Ronald James Quebodeaux, and Christine Renee Harrison ("the Quebodeaux"), appeal the trial court's dismissal of their suit against Verna Lundy ("Lundy") and Jeffrey Celestand ("Celestand"). The order of dismissal was signed more than thirty days after the Quebodeaux had been granted a Nunc Pro Tunc Final Default Judgment against Lundy and Celestand. The issue before us is whether the order is a final rather than an interlocutory judgment, which makes the order of dismissal void. We hold that the judgment is final and vacate the order of dismissal accordingly.

The underlying negligence suit is one for personal injury and property damage caused by an automobile collision. The trial court granted interlocutory default judgments against both Lundy and Celestand and in favor of the Quebodeaux. A damage hearing was set and notice given, after which Houston Physical Therapy and Rehab ("Intervenor") filed an intervention. Intervenor's attorney was given notice of the damage hearing date and time before the intervention was filed. At the damage hearing, only the Quebodeaux appeared. A default judgment was rendered by the court granting the relief which they had requested. The judgment did not specifically mention the Intervenor. Because of a clerical error in this original judgment, a Nunc Pro Tunc Final Default Judgment was submitted, notice given, and signed by the court on December 2, 1996. It contained a Mother Hubbard clause to the effect that "[a]ll relief not specifically granted herein is denied." On March 22, 1997, the trial judge signed an Order of Dismissal for Want of Prosecution, with notice only to the Intervenor's attorney. Because the Quebodeaux were not aware of the notice of intent to dismiss, they were unable to clarify the situation before the dismissal was signed. Prior to the expiration of thirty days from the date of the dismissal, the Quebodeaux discovered the order and responded with a Motion for Clarification or For a New Trial. It was unclear to the Quebodeaux if the trial court had dismissed the whole case or only the intervention. The Quebodeaux requested a hearing on the matter, but the trial court refused and took it on submission instead. The court subsequently denied the motion, stating that the "default judgment should have shown that it also disposed of the intervention, and not having done so, this case was dismissed for want of prosecution on March 11, 1997."

■ The nunc pro tunc order signed on December 2, 1996 was entitled *"Final* Default Judgment" (emphasis ours), and the judgment provided that "[e]ach Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment." Both of these provisions indicate the judgment was intended to be a final judgment. *See Continental Airlines v. Kiefer,* 920 S.W.2d 274, 276–77 (Tex.1996). The determination of finality of a judgment,

however, is two-part. First, if the case is a conventional case, tried on the merits, we apply the presumption of finality. *Coastal Ref. & Mktg., Inc. v. Latimer*, 838 S.W.2d 570, 572 (Tex.App.—Corpus Christi 1992, writ denied). Second, if the judgment contains a Mother Hubbard clause, any question of finality is further dispelled. *Inglish v. Union State Bank*, 945 S.W.2d 810, 811 (Tex. 1997). In the instant case, there is no presumption of finality because the case was tried by default. But when a Mother Hubbard clause is present, it makes the judgment final by disposing of all parties and all claims. *Mafrige v. Ross*, 866 S.W.2d 590, 591 (Tex.1993). The mere existence of other parties who have not been mentioned in the judgment does not preclude it from being a final judgment. *Kaigler v. General Elec. Mortg. Ins. Corp.*, 961 S.W.2d 273, 276 (Tex. App.—Houston [1st Dist.] 1997, writ denied); *also see Coastal Refining*, 838 S.W.2d at 572 (although the intervenor is not specifically named in the judgment, it includes a Mother Hubbard clause which alleviates any doubt as to the trial court's intention of finality). "Issues and parties ... are co-dependent: one could not exist without the other. If an order disposes of all issues in a case, then it necessarily disposes of all parties to a case, and vice versa." *Id.* In the instant case, the judgment states that "[t]he Court has read the pleadings and the papers on file ...," which indicates that the Court considered the Intervenor's pleadings, as well as those of the Quebodeaux. Furthermore, there is a Mother Hubbard clause in the judgment stating that "[a]ll relief not specifically granted herein is denied." Consequently, the Nunc Pro Tunc Final Default Judgment disposed of the Intervenor and its claim as well, and constituted a final judgment.

■ Because the trial court signed the order of dismissal after it had lost plenary power to make further orders in the case, it did not affect the finality of the Nunc Pro Tunc Final Default Judgment. Consequently, we vacate the trial court's order of dismissal.