HALL v. STEVENS et al. (No. 9078.)

(Court of Civil Appeals of Texas. Dallas. June 30, 1923. Rehearing Denied Oct. 13, 1923.)

1. Dedication · ⊜⇒50—Municipal corporations ⊜⇒666—Facing building across rear of lots on side street not breach of dedication, nor violation of ordinance establishing building lines.

Where dedicator of addition with lots facing on M. street erected houses facing on that street, his erection of additional houses on the rear of the same lots, and facing on a side street, was not a breach of the representations implied in the plat, or a violation of an ordinance establishing a front building line on M. street, and the erection of the buildings on the side street will not be restrained at the suit of purchasers of other lots on M. street in the addition; the houses not being nuisances in themselves and conforming to the building line on the side street.

2. Injunction ⊜⇒113—Mandamus ⊜⇒143(2)—Mandatory injunction or mandamus will not lie to compel removal of building, where plaintiffs guilty of laches.

Even if injunction will lie to restrain erection of buildings on rear of lots facing on side street, on ground that they are violative of plat and an ordinance establishing a building line on the front street, neither mandamus nor a mandatory injunction will issue at the suit of purchasers of lots on the front street to compel removal of a building which they permitted to progress to completion before bringing suit.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Action by W. H. Stevens and others against Frank J. Hall. From a judgment for plaintiffs, defendant appeals. Reversed and rendered.

Ballowe & King, of Dallas, for appellant. F. L. Peyton, Jr., of Dallas, for appellees.

HAMILTON, J. This is an appeal from a judgment permanently restraining appellant from changing the platting of a certain lot or parcel of land contained in a recent addition to the town of Highland Park, and also granting a writ of mandamus requiring him to revert to the platting of certain described property, the plat of which is contained in the public records of Dallas county, and also by mandatory injunction directing and requiring the removal of a house or changing of its facing, so as to conform with that of all houses contained in a certain block alleged to be faced in accord with a map and platting of a certain tract of land, and which houses are also alleged to conform with the building code of the incorporated town of Highland Park with reference to the facing of houses upon certain streets.

[1] The agreed facts show that appellant became the owner of lot 8 in block A of an addition denominated the Country Home Estates addition on February 27, 1917; that he made and recorded in the deed records of Dallas county a map or plat, showing a subdivision of certain land into 10 lots, fronting 50 feet each on Mocking Bird lane, a street in Highland Park. The subdivision was designated as "Dr. F. J. Hall's subdivision of lot 8 in block A of Country Home Estates addition." It contained a dedication to the public of the streets and alleys shown in the plat or map. The plat accompanying the dedication shows a block of land facing south on the north side of Mocking Bird lane, extending east and west between Mt. Vernon avenue and Hughes drive, 500 feet. Mt. Vernon avenue and Hughes drive are streets which extend north and south and open into Mocking Bird lane, which extends east and west. The lots run back from Mocking Bird lane 185 feet to an alley.

All of the appellees except one purchased residential property in the vicinity of the block involved in this litigation after the plat and dedication thereof were filed for record. Both appellant's property and the respective tracts owned by the appellees are within the town of Highland Park. The lots shown by the plat are numbered from 1 to 10, consecutively. Lot No. 1 is on the extreme western end of the block, and its west side faces on Mt. Vernon avenue. After the plat of the block was filed by appellant, showing the lots all facing the south on

Mocking Bird lane, as aforesaid, extending north 185 feet to an alley, appellant erected on lots 1, 2, and 3 two two-story residences facing Mocking Bird lane, in conformity with the plat; one of the two houses occupying parts of lots 1 and 2, and the other occupying parts of lots 2 and 3. In the early part of January, 1923, appellant obtained from Highland Park, as required by ordinance, a permit for the construction of a cottage to be constructed on the rear of lots Nos. 1 and 2 of the platted block, so as to face westward on Mt. Vernon avenue, extending east the entire width of lot No. 1, and the back of it projecting upon a part of lot No. 2. After this building was nearly completed, and while appellant was contemplating the erection of still another cottage, similar to it, facing on Mt. Vernon avenue, on the rear of Lots Nos. 2 and 3, this suit was instituted, resulting in the decree above stated. The cottage which was partially completed conformed to the building line on Mt. Vernon avenue, and there is no denial that the other one, the erection of which is contemplated by appellant, will also conform to the building line on this street.

The town of Highland Park has an ordinance which contains the following restriction with reference to the construction of houses:

"Wherever 50 per cent. or over of the lots on any street or avenue in the residence sections of the town of Highland Park have been improved and the building line of said residences on said street or avenue made permanent, all buildings hereafter erected on adjoining lots shall keep the front building line of any such building at the average distance back from the front line as those already built, so that the same shall conform to the permanent building line observed by 50 per cent. or over of the improved lots on said street or avenue: Provided, further, that any building hereafter erected in any block on any street or avenue in the residence section of the city must have its front building line at the average back from the street as the front line of the buildings already built in such block."

From the agreed statement of facts it appears that both the cottages, that already under contruction and nearing completion, and that proposed to be constructed facing on Mt. Vernon avenue, are neat and substantial houses, of attractive design and good construction; that neither of them is in any wise a nuisance, or hazardous to the public or any of the complaining parties. Appellant never made any representation of any character to any of the appellees with reference to the facing of houses on Mocking Bird lane or otherwise. No covenant providing for restrictions in the use of the lots existed. The sole basis of relief is asserted by virtue of the plat of the tract of ground showing 10 lots facing on Mocking Bird lane.

Appellees seek to sustain the judgment of the court solely on the proposition that the filing of the plat in the public records of Dallas county constituted a dedication, out of which a servitude is imposed upon all the lots platted, which servitude constitutes an easement which may be asserted in behalf of appellees, and that the facing of any house on Mt. Vernon avenue is a breach of the privileges and rights conferred by the filing of the plat, and is also in violation of the above-quoted ordinance. The plat, we think, is sufficient to confer upon property owners in the vicinity of appellant's 10 lots, who acquired their property with reference to the plat, such an easement therein as to sustain them in invoking relief against constructing houses on Mocking Bird lane fronting otherwise than upon this street; but it is to be noted that houses have already been constructed on these lots facing Mocking Bird lane, and that the two houses involved in this controversy, while built in the rear of the houses constructed on lots Nos. 1, 2 and 3, face on Mt. Vernon avenue, which is a public street, and conform to the building line on that street. This, it seems to us, does not constitute an infraction of whatever rights adjacent property owners may have derived from the filing of the plat showing houses facing on Mocking Bird lane.

There is neither allegation nor proof of facts sufficient to disclose any basis for damages. It is not claimed that the cottages on Mt. Vernon avenue will be a menace to the health, safety, or comfort of any of the complaining parties. In this situation it seems to us that the erection of the buildings does no damage to any right or privilege possessed by appellees. If the two buildings were to be used, respectively, for servants' quarters and a garage in connection with the two-story houses already constructed and facing on Mocking Bird lane, doubtless appellees would offer no resistance to their construction. The fact that they are to be used independently, we think, is insufficient to distinguish the situation from that which would exist if appellant were merely erecting outhouses to be used in connection with the houses already on the lot.

Appellant, having platted his property and faced the lots upon Mocking Bird lane, would doubtless be estopped from changing the plat so as to erect buildings along the building line on Mocking Bird lane, with their rears to that street or faced in any direction other than upon it. But, as above stated, such is not the situation here, since appellant has already constructed two two-story houses facing on Mocking Bird lane and conforming to the building line. The two cottages involved in this controversy, facing another street, and conforming to the building line thereon, while they occupy the rear of the corner lot and that adjacent to it, do not, in our opinion, infract the representa-

tions disclosed in the plat put of record, since houses, as above stated, already have been erected on the lots facing Mocking Bird lane.

[2] With reference to the cottage already nearing completion, we think appellees are guilty of laches, and through their delay and negligence are estopped, even if it were conceded a right to the relief ever existed. As a general rule, equity will not grant the harsh remedy the mandatory injunction given in this case imposes, when those who seek it fail to exercise diligence in asserting it, and, through unexcused delay, call for it only after the party against whom it is invoked has expended money and put himself in a position wherein he will suffer great injury if the mandatory injunction is granted, while, on the other hand, his adversary will suffer no substantial harm if it is withheld. Not only conscience and good faith must attend an appeal to a court of equity, but the action must also be characterized by reasonable diligence. Under the circumstances in this case, to require the removal of the house already constructed would be to violate the maxim that "Equity aids the vigilant and not those who sleep upon their rights," had the right primarily existed. The defense pleaded interposes estoppel based upon delay.

The case of Halsell v. Ferguson, 109 Tex. 144, 202 S. W. 317, relied upon by appellees, does not apply. There certain lots had been platted upon designated streets of Dallas, showing houses facing those streets. Other property owners had bought with reference to the plat. Thereafter the owner changed the plat entirely, and undertook to place the rear of his houses on the streets on which the plat showed the houses would face. The allegations and proof showed that other property owners, who had bought with reference to the plat as it was originally filed, had already constructed their homes with reference to and in reliance upon the plat, and that they would be materially damaged by the rears of buildings proposed to be erected on the altered plat, where the original plat showed the fronts of houses would be. Clearly such is not the case here. Since the erection of the cottages in the manner proposed is not a material departure from the plat, which has been conformed to in the building of houses on the lots facing Mocking Bird lane, and since the cottages are to be constructed in conformity with the above-quoted section of Highland Park ordinance, without any damage appearing to be done the appellees, no right either to an injunction or a mandamus is disclosed. We accordingly reverse the judgment of the trial court, and render judgment dissolving the injunction and denying a mandamus.

Reversed and rendered.