ACCEPTED
03-15-00285-CV
5846733
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 3:35:15 PM
JEFFREY D. KYLE
CLERK

# NO.  03-15-00285-CV

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/26/2015 3:35:15 PM
JEFFREY D. KYLE
~~Clerk~~

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

**VOLKSWAGEN GROUP OF AMERICA, INC.
AND AUDI OF AMERICA, INC.,**

*Appellants*,

*v.*

**JOHN WALKER III,** *ET AL.*

*Appellees*.

On Appeal from the 201st Judicial District Court, Travis County, Texas
Honorable Amy Clark Meachum, Presiding Judge

## INTERVENORS' RESPONSE IN OPPOSITION TO APPELLANTS' VERIFIED MOTION FOR TEMPORARY RELIEF TO PROTECT THE COURT'S JURISDICTION

Wm.  R. Crocker
State Bar No.  05091000
807 Brazos, Suite 1014
Austin, Texas 78767
Telephone: (512) 478-5611
Facsimile: (512) 474-2540
Email: crockerlaw@earthlink.net

ATTORNEY FOR
INTERVENOR/APPELLEE
BUDGET LEASING, INC.  D/B/A
AUDI NORTH AUSTIN AND AUDI
SOUTH AUSTIN

J.  Bruce Bennett
State Bar No.  0214550
CARDWELL, HART & BENNETT, LLP
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: (512) 322-0011
Facsimile: (512) 322-0808
Email: jbb.chblaw@sbcglobal.net

ATTORNEY FOR
INTERVENORS/APPELLEES
RICARDO M.  WEITZ, HI TECH
IMPORTS NORTH, LLC, HI TECH
IMPORTS SOUTH, LLC, AND HI
TECH IMPORTS, LLC

# TABLE OF CONTENTS

I. SUMMARY OF THE RESPONSE.........................................................................1

II. STATEMENT OF FACTS.................................................................................5

III. ARGUMENT ...................................................................................................11

    A.    Audi Is Not Entitled To Relief Under Texas Rules Of
           Appellate Procedure 29.3 or 46.3.........................................................11

    B.    Audi Is Not Entitled To The Relief Actually Sought, Which
           Is A Writ Of Injunction. ......................................................................15

         1.    Audis' Motion Should Be Dismissed For Failure To
                Comply With Rule 52.......................................................15

         2.    An Injunction Is Not Necessary To Preserve The
                Subject Matter Of The Appeal...............................................18

         3.    Audi's Assertion That The Remand Proceeding Will
                Be Completed Prior To This Court's Disposition Of
                Audi's Appeal Is Speculative.................................................24

    C.    Audi's Own Conduct Militates Against The Relief Sought
           And The Asserted Necessity Of Such Relief. ....................................27

    D.    Audi Should Be Sanctioned Pursuant To Tex. R. App. P.
           52.11. ....................................................................................................30

IV. CONCLUSION AND PRAYER ......................................................................30

CERTIFICATE OF SERVICE.................................................................................32

CERTIFICATE OF COMPLIANCE.........................................................................32

# INDEX OF AUTHORITIES

## Cases

*Ammex Warehouse Co. v. Archer,*
    381 S.W.2d 478 (Tex. 1964) ...............................................................26, 27

*Appraisal Dist. v. O'Connor & Assocs.,*
    267 S.W.3d 413 (Tex. App. - Houston [14th Dist.] 2008, no pet.)…...........22

*Baird v. Sam Houston Elec. Co-op.,*
    627 S.W.2d 732 (Tex. App. - Houston [1st Dist.] 1981, no writ)...............22

*Beall v. Strake,*
    602 S.W.2d 394 (Tex. Civ. App. - Austin 1980, orig. proceeding) ............21

*Bennett v. Grant,*
    2015 WL 1324857 (Tex. App. - Austin 2015, pet. pending) .....................14

*Carpenter v. Hausman,*
    601 S.W.2d 88 (Tex. Civ. App. - San Antonio 1980, orig.
    proceeding) .......................................................................................21

*City of Houston v. Williams,*
    99 S.W.3d 709 (Tex. App. – Houston [14th Dist.] 2003, no pet.) ..............23

*Collier v. Central Nat'l Bank,*
    564 S.W.2d 828 (Tex. Civ. App. - Austin 1978, orig. proceeding) ...........20

*Corral-Lerma v. Border Demolition v. Envt'l Inc.,*
    2015 WL 2265082 (Tex. App. - El Paso 2015, no pet.).............................14

*Dalisa, Inc. v. Bradford,*
    81 S.W.3d 876 (Tex. App. - Austin 2002, no pet.) ....................................14

*Hall v. Stevens,*
    254 S.W. 610 (Tex. Civ. App. - Dallas 1923, no writ) ..............................27

*Holloway v. Fifth Court of Appeals,*
    767 S.W.2d 680 (Tex. 1989) ...................................................................19

*In re Bailey,*
    296 S.W.3d 859 (Tex. App. - Tyler 2009, orig. proceeding).....................26

ii

*In re Brown*,
   2003 WL 1563987 (Tex. App. - El Paso 2003, orig. proceeding) ..............16

*In re Dyer*,
   2010 WL 3795893 (Tex. App. - Houston [14th Dist.] 2010, orig.
   proceeding) ..................................................................................16

*In re Guardianship of Whitcomb*,
   69 S.W.3d 826 (Tex. App. - Corpus Christi 2002, no pet.)........................14

*In re Ince*,
   2011 WL 6032718 (Tex. App. - Amarillo 2011, orig. proceeding)............16

*In re Johnson*,
   2012 WL 5059838 (Tex. App. - Amarillo 2012, orig. proceeding)............16

*In re Lasik Plus of Texas, P.A.*,
   2013 WL 816674 (Tex. App. - Houston [14th Dist.] 2013, orig.
   proceeding) ..............................................................................18, 20

*In re Palmore*,
   2005 WL 1979076 (Tex. App. - Amarillo 2005, orig. proceeding)............16

*In re Place*,
   2010 WL 1817780 (Tex. App. - San Antonio 2010, orig.
   proceeding) ..................................................................................15

*In re R.W.G.*,
   2003 WL 1564310 (Tex. App. - Fort Worth 2003, no pet.) ......................14

*In re Smith*,
   2004 WL 254079 (Tex. App. - Waco 2004, orig. proceeding) .............18, 20

*Infonova Solutions, Inc. v. Griggs*,
   82 S.W.3d 613 (Tex. App. - San Antonio 2002, no pet.)...........................11

*Kaigler v. Gen. Elec. Mortg. Ins. Corp.*,
   961 S.W.2d 273 (Tex. App. - Houston [1st Dist.] 1998, no writ) ..............12

*LaBranche v. State*,
   2014 WL 3411207 (Tex. App. - Austin 2014, no pet.) ..............................14

*Landry's Seafood Inn & Oyster Bar- Kemah, Inc. v. Wiggins*,
   919 S.W.2d 924 (Tex. App. - Houston [14th Dist.]
   1996)...................................................................................28

*Lehmann v. Har-Con Corp.*,
   39 S.W.3d 191 (Tex. 2001). ...................................................12

*Los Angeles Heights Indep. Sch. Dist. v. Chestnut*,
   287 S.W. 693 (Tex. Civ. App. - San Antonio 1926, no writ) ....................27

*Mag-T, L.P. v. Travis Cent. Appraisal Dist.*,
   161 S.W.3d 617 (Tex. App. - Austin 2005, pet. denied)…………………23

*Quebodeaux v. Lundy*,
   977 S.W.2d 465 (Tex. App. - Tyler 1998, no pet.) .....................................12

*Rush v. Barrios*,
   56 S.W.3d 88 (Tex. App. - Houston [14th Dist.] 2001, pet. denied) .........15

*Sonny Arnold, Inc. v. Sentry Sav. Ass'n*,
   602 S.W.2d 90 (Tex. Civ. App. - Amarillo 1980, orig. proceeding) ..........21

*Susanoil, Inc. v. Continental Oil Co.*,
   516 S.W.2d 260 (Tex. Civ. App. - San Antonio 1973, no writ) .................15

*Winfield v. Renfro*,
   792 S.W.2d 524 (Tex. App. - Houston [1st Dist.] 1990, no writ)...............11

*Yturria Town & Improvement Co. v. Hidalgo Cty.*,
   114 S.W.2d 917, 918 (Tex. Civ. App. - San Antonio 1938, no writ) .........22

## Statutes

Tex. Civ. Prac. & Rem. Code § 51.014(8)...............................................................13

Tex. Gov't Code § 22.221(a)...................................................................................15

Tex. Gov't Code § 2001.143(a)...............................................................................25

Tex. Gov't Code § 2001.146(a)...............................................................................26

Tex. Gov't Code § 2001.146(b) ..............................................................................26

Tex. Gov't Code § 2001.146(c) ................................................................26

Tex. Gov't Code § 2001.146(e) ................................................................26

Tex. Occ. Code § 2301.151 .......................................................................5

Tex. Gov't Code § 2001.171 ....................................................................19

Tex. Gov't Code § 2001.174(2)(B) ..........................................................20

Tex. Gov't Code § 2001.174(2)(C) ..........................................................20

Tex. Occ. Code § 2301.359 ....................................................................5, 6

Tex. Occ. Code § 2301.360 .......................................................................5

Tex. Occ. Code § 2301.360(d) ...................................................................6

Tex. Occ. Code § 2301.458 .......................................................................5

Tex. Occ. Code § 2301.704(a) ...................................................................5

Tex. Occ. Code § 2301.751 ......................................................................20

## Administrative Rules

1 Tex. Admin. Code § 155.507(b) .............................................................17

1 Tex. Admin. Code § 155.507(c) .............................................................23

43 Tex. Admin. Code § 215.55(c) .............................................................17

## Rules of Appellate Procedure

Tex. R. App. P. 28 ....................................................................................13

Tex. R. App. P. 29.3 ...................................................................................3

Tex. R. App. P. 32.3 .................................................................................13

Tex. R. App. P. 46.3 ............................................................................13, 14

Tex. R. App. P. 52 ........................................... 4, 13, 14, 15, 16, 18, 30

Tex. R. App. P. 52.1 .................................................................................15

Tex. R. App. P. 52.2...............................................................................................17

Tex. R. App. P. 52.3.........................................................................................15, 16

Tex. R. App. P. 52.3(a) ........................................................................................18

Tex. R. App. P. 52.3(k) ........................................................................................16

Tex. R. App. P. 52.7.............................................................................................16

Tex. R. App. P. 52.11...........................................................................................30

## **Other Authorities**

Practice Before the Third Court of Appeals ¶ 18(b)..............................................17

Practice Before the Third Court of Appeals ¶ 39 ..................................................13

Black's Law Dictionary (10th ed. 2014) ...........................................................11, 12

## INTERVENORS' RESPONSE IN OPPOSITION TO APPELLANTS' VERIFIED MOTION FOR TEMPORARY RELIEF TO PROTECT THE COURT'S JURISDICTION

COME NOW Budget Leasing, Inc. d/b/a Audi North Austin and Audi South Austin ("Budget"), Ricardo M. Weitz ("Weitz"), Hi Tech Imports North, LLC ("North"), Hi Tech Imports South, LLC ("South"), and Hi Tech Imports, LLC ("Imports" and, together with Budget, Weitz, North, and South, "Intervenors") and respond as follows to Appellants Volkswagen Group of America, Inc. and Audi of America, Inc.'s ("Audi") Verified Motion for Temporary Relief to Protect the Court's Jurisdiction ("Motion for Temporary Relief" or "Motion").

## I. SUMMARY OF THE RESPONSE

More than two and a half years ago, in December 2012, Budget and Weitz entered into an almost $70 million contract for the sale and transfer of Budget's franchised Audi, Porsche, and Maserati dealerships to Weitz. After Audi refused to approve the transfer, Budget and Weitz protested Audi's refusal with the Texas Motor Vehicle Board ("Board"), which has exclusive original jurisdiction to hear and decide such protests. The contested case proceeding concerning the merits of the protest began in May 2013, and has been working its way through the State Office of Administrative Hearings ("SOAH") and the Board for over two years.

In late March 2015, Audi filed the lawsuit underlying this appeal, accusing the Chairman of the Board and the two SOAH ALJs hearing the contested case of

1

acting *ultra vires*, after the Board entered an order in February 2015 that Audi perceived to be unfavorable. Audi's application to the Travis County district court for a temporary restraining order was denied and its motion for temporary injunction was never ruled on because the district court determined, correctly, that all claims against the defendants were due to be dismissed for lack of subject matter jurisdiction. Audi's frivolous appeal to this Court (and the instant, frivolous motion) stems from that dismissal.

First and foremost, Audi's motion should be denied because it is nothing more than an effort to improperly disrupt and subvert the administrative and judicial process and gain a "back door" injunction from this Court. Although Audi presents its motion as one "to protect this Court's jurisdiction to decide this dispute," the motion actually seeks the entry of a temporary injunction against further administrative proceedings at SOAH and before the Board. Critically, such relief was denied by the ALJs, by District Judge Rhonda Hurley, and then effectively denied by District Judge Amy Meachum when she dismissed Audi's case for lack of jurisdiction. If this Court were to grant Audi's motion, Audi would receive the relief it unsuccessfully sought in the trial court – a temporary injunction – without ever having proved the entitlement to such relief (and despite the fact that its lawsuit seeking that relief was dismissed for lack of jurisdiction).

Given the harm Audi's requested relief would cause to Intervenors (whose multi-million dollar purchase transaction has now been delayed for two and a half years and would be further delayed for an unknown period of time), the relief sought by Audi – an unproven injunction – would be inequitable, especially because Audi cannot meet (and has not met) any, much less all, of the factors necessary for injunctive relief. It is not likely to prevail on the merits (as evidenced by the fact that its application for a TRO was denied and its lawsuit was dismissed by the district court), it will not suffer irreparable harm (as evidenced by Audi's unexplained delay in filing suit after the Board entered the purportedly *ultra vires* order and additional unexplained delay in seeking the relief it now seeks), and the balance of the equities and the public interest favor the continuation, rather than the disruption, of the statutorily mandated process for dealing with disputes between dealers and manufacturers.

Second, Audi's motion should be denied because Audi purports to seek relief from an "interlocutory order" pursuant to Tex. R. App. P. 29.3, which permits an appellate court to make orders necessary to preserve the parties' rights until disposition of an interlocutory appeal. Audi's reliance on that rule is misplaced; Judge Meachum's orders granted the pleas to the jurisdiction of Appellees Walker, O'Malley, and Wilkov and dismissed the case for lack of jurisdiction. Together,

those orders constituted a final judgment.  For that reason, Rule 29.3 and the cases construing it are immaterial to the resolution of Audi's motion.

Third, the "temporary relief" Audi seeks is, in actuality, a request for a writ of injunction in disguise.  However, Audi has failed to comply with the mandatory requirements set forth in Tex. R. App. P. 52 for seeking such an extraordinary writ. Audi has not filed the required "original proceeding," but a motion in the pending appeal.  That motion does not meet Rule 52's content, substance, or form requirements.  In particular, Audi has failed to name all "real parties in interest" in what it did file.  Specifically, Audi did not name the Board as a party to this proceeding even though Audi requests an order prohibiting the Board from taking further action in the contested case proceeding.

Fourth, Audi's requested relief should be denied because allowing the pending appeal to become moot will not destroy the subject matter of the appeal. The subject matter of the appeal is, generally, whether the Board should approve the proposed transfer of the dealerships, and, more specifically, whether the Board's remand order to SOAH is valid. Audi has adequate remedies, other than the extraordinary relief it seeks in its motion, to correct any alleged errors made by the Board and SOAH in connection with the remand.  It can argue to the Board that the remand was improper and, if the Board rejects that argument, Audi can challenge the validity of the remand through the statutorily-authorized process of

4

judicial review – a process which expressly authorizes a district court to consider claims that an administrative agency was acting *ultra vires*.

Fifth, Audi's Motion for Temporary Relief should be denied because it is entirely speculative. It is not a foregone conclusion that the remand proceeding will be completed before this Court's determination of this appeal. In the absence of such assurance, an injunction is improper.

## II. STATEMENT OF FACTS

1. On May 14, 2013, Budget filed a Protest of Rejection of Applications for Franchises (hereinafter the "Protest") with the Board regarding the purported rejection of Budget's transfer, to Weitz, of Budget's Audi and Porsche dealerships in Austin, Texas. (Pl.'s Ex. 3; R. 1884-1887.) Weitz, along with North, South, and Imports (the companies formed to own the Audi and Porsche dealerships) intervened in the Protest. (Pl.'s Ex. 4; CR 371-385.) Sections 2301.151, 2301.359, 2301.360, and 2301.458 of the Texas Occupations Code (the "Code") vest the Board with exclusive original jurisdiction to decide whether the proposed transfer of a franchised dealership should be approved. Pursuant to Section 2301.704(a) of the Code, the Board referred the matter to SOAH for a contested case hearing. (CR 1879-1883.)

2. In late February and early March, 2014, an administrative hearing was held and, on July 16, 2014, Appellees O'Malley and Wilkov (the "ALJs") issued a

proposal for decision.  (Pl.'s Ex. 8; CR 396-502.)   The ALJs found that Weitz, the buyer and intended manager of the dealerships, is "overly-qualified" to own Budget's Audi and Porsche dealerships, but that Weitz's primary business partner (anticipated to be the second largest owner of the dealerships' holding company) is "under-qualified."  (CR 499.)   Therefore, pursuant to § 2301.360(d) of the Code, the ALJs recommended the imposition of conditions that would render the prospective transferees qualified under Section 2301.359 of the Code.  (*Id.*)

3.      The Protest came before the Board on September 12, 2014.  At that time, the Board, in a 3 to 2 vote, voted to dismiss the Protest for "want of jurisdiction."  (Pl.'s Ex. 9; CR 1889-1890.)  Subsequently, on December 10, 2014, the Board granted Budget and Intervenors' Motion for Rehearing, overturning its previous order of dismissal.[1]  (Pl.'s Ex. 15; CR 1120-1121.)

4.      On February 13, 2015, the Board voted – unanimously and over Audi's objections – to remand the Protest to SOAH.  (Pl.'s Ex. 16; CR 7-38.)  The Board's Interim Remand Order directed SOAH to consider certain, specific issues, including whether Intervenors could meet the recommended conditions, and to do so in an expedited manner.  (*Id.* at 7-8.)   The Board also recommended that

---

[1] The Board's counsel later acknowledged that the Board has "always had jurisdiction over this matter."  (Pl.'s Ex. 18 at p. 12; CR 913.)

6

defendants/appellees O'Malley and Wilkov, who had conducted the initial hearing, preside over the remand proceedings. (*Id.*)

5.     On February 18, 2015, the ALJs rendered an order scheduling a pre-hearing conference. Two days later, on February 20, 2015, Audi filed a motion with the ALJs asking them to send the Protest back to the Board. (CR 172-182.) In the motion, Audi challenged the Board's authority to remand the Protest to SOAH, the ALJs' authority to reopen the record, and the ALJs' authority to issue a second proposal for decision. (*Id. See also* Pl.'s Ex. 19.) The ALJs denied that motion on March 4, 2015. (Pl.'s Ex. 29.)

6.     Also on March 4, 2015, the ALJs issued an order setting an evidentiary hearing on the remand issues for April 16, 2015. (*Id.*) The parties immediately began engaging in written discovery in accordance with the schedule set forth by the ALJs.

7.     On March 16, 2015, Audi filed its Emergency Motion to Vacate or Modify Statutory Stay and to Stay Further Proceedings (the "Emergency Motion to Stay") with the ALJs. (Pl.'s Ex. 2; CR 1868-1878.) Audi reasserted its belief that the Board's remand and the reopening of the record were acts outside the Board's and the ALJs' statutory authority. (*Id.*) Audi sought a stay of the remand proceedings so that it could "expeditiously file a petition in the Travis County district court" to address the purported *ultra vires* acts of the Board and SOAH.

7

(*Id.*) Audi had already prepared a draft of the petition it proposed to file in the district court and a copy of that draft was attached as an exhibit to its Emergency Motion to Stay. (CR 1909-1939.)

8. On March 19, 2015, the ALJs rendered an order denying the Emergency Motion to Stay. (Pl.'s Ex. 25; CR 1943-1945.)

9. Although it had already prepared its petition, Audi waited almost a week, until March 25, 2015, to file it, along with its Application for Temporary Restraining Order, Motion for Temporary Injunction and Request for Permanent Injunction, and Alternative Motion for Emergency Stay in the Travis County district court. (CR 117-151.) The defendants to Audi's petition were Board Chairman John Walker and the two ALJs. (*Id.*) Audi requested a hearing on its Application for Temporary Restraining Order, and such a hearing was held on March 26, 2014, before Travis County district court Judge Rhonda Hurley. Judge Hurley denied the application. (CR 713-714, 729-730.)

10. On March 27, 2015, Intervenors filed their petition in intervention in the Travis County district court in support of Chairman Walker and the ALJs. (CR 665-703.) Intervenors asserted no claim against Audi or against Walker or the ALJs. (*Id.*) On April 1, 2015, Intervenors filed their Plea to the Jurisdiction asking that the claims against Walker and the ALJ be dismissed for lack of subject matter jurisdiction. (CR 731-774.)

11. Meanwhile, the parties continued to engage in preparations for the remand hearing at SOAH, including written discovery, third party subpoenas, and depositions. The parties also engaged expert witnesses and exchanged expert designations and reports, filed witness and exhibit lists (and objections and responses to objections regarding those lists), and moved to strike each other's expert witnesses. (CR 668, 669, 1531.)

12. Approximately three weeks after Judge Hurley denied Audi's application for a TRO, the ALJs held a two-day hearing on the remanded issues. (CR 1980.) Audi participated in the hearing, cross-examining the witnesses called by Intervenors, calling three witnesses of its own, introducing exhibits into evidence, and presenting argument on evidentiary and other legal issues.

13. Chairman Walker and the ALJs filed their pleas to the jurisdiction in the Travis County case on April 17, 2015. (CR 821-829, 836-843.)

14. Audi set its Motion for Temporary Injunction for hearing on April 30, 2015. (CR 830-832, 854-856.) Chairman Walker, the ALJs, and Intervenors set their pleas to the jurisdiction for hearing on the same day. (CR 814-820, 833-835, 844-846.) Audi filed its brief in support of its Motion for Temporary Injunction on April 23, 2015. (CR 867-903.)

15. On April 30, 2015, Judge Meachum granted the pleas to the jurisdiction, dismissing all of Audi's claims in the case. (April 30, 2015 Hearing

9

Transcript at p. 106 ("I am going to go ahead and rule and sustain the plea and -- the pleas to the jurisdiction and dismiss this case for lack of jurisdiction."; CR 2030-2031.) Judge Meachum did not reach Audi's Motion for Temporary Injunction because the dismissal for lack of jurisdiction rendered that motion moot.

16. On May 8, 2015, Audi appealed to this Court and filed its docketing statement. (CR 2030.) In the docketing statement, Audi stated that it would **not** be requesting "extraordinary relief (e.g. temporary or ancillary relief) from this Court" and sought no such relief.

17. Meanwhile, the remand proceedings continued. On May 8, 2015, Audi and Intervenors filed their post-hearing briefs with SOAH. On June 1, 2015, Audi filed with SOAH a brief in response to Intervenors' post-hearing brief and Protestant and Intervenors filed with SOAH a brief in response to Audi's post-hearing brief. The parties also submitted proposed findings of fact and conclusions of law to the ALJs. (Audi's Supplement to Motion for Temporary Relief at ¶¶ 10, 11 and attached Affidavit ¶¶ 3,4.)

18. On June 10, 2015, Audi sent a "letter brief" to the ALJs, purporting to reply to some of the points raised in Protestant and Intervenors' response to Audi's post-hearing brief. The ALJs permitted Protestant and Intervenors to respond to the letter brief, which they did on June 15, 2015. The next day, June 16, 2015, the ALJs entered an order closing the record on remand. (*Id.*)

19.    On June 15, 2015 – over six weeks after Judge Meachum dismissed the Travis County case – Audi filed its Motion for Temporary Relief.

### III. ARGUMENT

### A.    Audi Is Not Entitled To Relief Under Texas Rules Of Appellate Procedure 29.3 or 46.3.

Audi cannot obtain temporary relief under Rule 29.3 because this appeal is **not** from an interlocutory order, but from a final judgment.    Rule 29.3 provides that:

> When an appeal from an **interlocutory order** is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security.

(emphasis added).[2]

"An interlocutory order, by definition, is one made pending the final disposition of the merits of the case."  *Winfield v. Renfro*, 792 S.W.2d 524, 525 (Tex. App. - Houston [1st Dist.] 1990, no writ).  *See also Infonova Solutions, Inc. v. Griggs*, 82 S.W.3d 613, 616 (Tex. App. - San Antonio 2002, no pet.) (quoting *City of Corpus Christi v. Pub. Util. Comm'n*, 572 S.W.2d 290, 297 (Tex. 1978)) ("An interim or interlocutory order is by definition an order made pending the cause, before a final disposition on the merits."); Black's Law Dictionary (10th ed.

---

[2] It is telling that, while purporting to seek relief to protect this Court's jurisdiction, Audi relies on a rule designed to benefit the **parties** to an appeal.

11

2014) (defining an "interlocutory order" as "[a]n order that relates to some intermediate matter in the case; any order other than a final order.").

By contrast, a "final order" is "[a]n order that is dispositive of the entire case." Black's Law Dictionary (10th ed. 2014). "A judgment that finally disposes of all remaining parties and claims...is final, regardless of its language." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). Further, "[a] judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial or refers to only some of the parties or claims.... The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case." *Id.*

Here, the orders being appealed are "final orders" because they dismissed "Plaintiff's claims" against the ALJs and "all claims" against Chairman Walker.[3] Because Audi's claims against the ALJs and Walker were the sole claims in the lawsuit, the April 30th orders together constitute a final judgment. Audi has

---

[3] Intervenors' presence in the district court case does not affect the finality analysis. "If an order disposes of all issues in a case, then it necessarily disposes of all parties to a case, and vice versa." *Kaigler v. Gen. Elec. Mortg. Ins. Corp.*, 961 S.W.2d 273 (Tex. App. - Houston [1st Dist.] 1998, no writ) (summary judgment order's failure to mention intervenors by name did not preclude order from being "final"); *Quebodeaux v. Lundy*, 977 S.W.2d 465, 467 (Tex. App. - Tyler 1998, no pet.) ("The mere existence of other parties who have not been mentioned in the final judgment does not preclude it from being a final judgment."). The district court's April 30th orders disposed of all claims against the defendants. Audi had no claims against Intervenors (and Intervenors had no claims against Audi), and Intervenors' plea to the jurisdiction sought the same relief Walker and the ALJs sought – dismissal of the claims against Walker and the ALJs for lack of jurisdiction. There being no more "issues" involved in the case (*i.e.* no claims, counterclaims, cross-claims, third-party claims, or other issues that required court guidance), the order necessarily disposed of "all parties," including Intervenors.

affirmatively stated as much. In its docketing statement, which Audi has not amended, Audi states that the judgment or order being appealed from "disposes of all parties and issues," is a "final judgment," and that the case was disposed of by "Dismissal." As another "basis for finality," Audi states in the docketing statement: "All claims against all defendants dismissed in order granting plea to the jurisdiction."[4] Moreover, in its Motion, Audi recognizes the finality of the district court judgment, characterizing its appeal as one "seek[ing] to overturn the [district court's] erroneous grant of [the] Pleas to the Jurisdiction and the resulting dismissal of Audi's district court lawsuit." (Motion at ¶ 3.) Because Audi is appealing from a final judgment, and not an interlocutory order, Rule 29.3 and the cases construing that rule are immaterial to this motion.

Audi also invokes Tex. R. App. P. 46.3. But that rule does not provide for the injunctive relief Audi seeks and cannot be used to avoid compliance with Rule 52. Rule 46.3 is used primarily for suggesting a "remittitur" of a damages award.

---

[4] Audi's docketing statement is replete with errors. As noted, *supra*, Audi affirmatively stated that it would **not** seek the very relief it seeks in the motion presently before this Court. Additionally, in Section V, Audi asserts that this is an "interlocutory appeal of appealable order." Audi cites as authority for its appeal Tex. Civ. Prac. & Rem. Code § 51.014(8), which permits a party to appeal from an "interlocutory order" in certain situations. But Audi then admits that "all claims against all defendants" were dismissed (which is correct). Audi also asserts that this is an "accelerated appeal," although it does not fall within any of the bases for such an appeal under Tex. R. App. P. 28. Similarly, Audi's indication in the docketing statement that this appeal should receive preference or precedence because it is an "accelerated appeal" is incorrect. Notably, although ¶ 39 of the Court's "Practice Before the Third Court of Appeals" stresses the need for accuracy in the docketing statement, and Tex. R. App. P. 32.3 provides an avenue for correcting the docketing statement, Audi has made no effort to do so.

*See*, *e.g.*, *Corral-Lerma v. Border Demolition v. Envt'l Inc.*, 2015 WL 2265082, at *10 (Tex. App. - El Paso 2015, no pet.) ("We possess the inherent power in a civil case to suggest a remittitur under Tex. R. App. P. 46.3...."); *Bennett v. Grant*, 2015 WL 1324857, at *24, n.29 (Tex. App. - Austin 2015, pet. pending) (noting party filed remittitur per Rule 46.3); *LaBranche v. State*, 2014 WL 3411207, at *7 (Tex. App. - Austin 2014, no pet.) (citing Tex. R. App. P. 46.3 as support for statement that appellate court "can modify incorrect judgments").

Occasionally, appellate courts will invoke Rule 46.3 to issue other, non-substantive orders. *See*, *e.g.*, *In re R.W.G.*, 2003 WL 1564310, at *3 (Tex. App. - Fort Worth 2003, no pet.) (directing trial court to modify judgment to include appellant's thumbprint); *Dalisa, Inc. v. Bradford*, 81 S.W.3d 876, 881-82 (Tex. App. - Austin 2002, no pet.) (authorizing severance of a part of a claim for remand to the trial court); *In re Guardianship of Whitcomb*, 69 S.W.3d 826, 829 (Tex. App. - Corpus Christi 2002, no pet.) (ordering trial court and parties "to conduct the proceedings on remand without delay and as expeditiously as possible").

Audi cites no case in which Rule 46.3 is the basis for granting injunctive relief or a stay on appeal (and the undersigned cannot find such a case). That is because injunctive relief must be sought in an original proceeding under Rule 52 when, as here, a final judgment has been rendered.

14

**B.** **Audi Is Not Entitled To The Relief Actually Sought, Which Is A Writ Of Injunction.**

Section 22.221(a) of the Texas Government Code provides that courts of appeal "may issue" writs necessary to enforce their jurisdiction, including writs of injunction "to preserve the subject matter of a pending appeal or if a failure to grant relief would result in the appeal becoming moot." *In re Place*, 2010 WL 1817780, at *1 (Tex. App. - San Antonio 2010, orig. proceeding). The substance of Audi's Motion shows that the relief Audi seeks is a writ of injunction under § 22.221(a).[5] Such relief must be sought in compliance with Rule 52.

**1.** **Audis' Motion Should Be Dismissed For Failure To Comply With Rule 52.**

Rule 52 sets forth the requirements for an "original proceeding," which includes a petition for writ of injunction. "An original appellate proceeding seeking extraordinary relief – such as a writ of...injunction ...– is commenced by filing a petition with the clerk of the appropriate appellate court." Tex. R. App. P. 52.1. The petition "must" contain the sections and information detailed in Rule 52.3, including an appendix containing a certified or sworn copy of any order

---

[5] "It is well settled that in determining the nature of a pleading, [courts] look to the substance of the plea for relief, not merely the form or title given to it." *Rush v. Barrios*, 56 S.W.3d 88, 93 (Tex. App. - Houston [14th Dist.] 2001, pet. denied) (analyzing motion for "fee forfeiture" as motion for JNOV despite appellees' misnomer of same). As such, "in determining the nature of relief or action sought by the party[, the] nomenclature of the motion is not controlling..." *Susanoil, Inc. v. Continental Oil Co.*, 516 S.W.2d 260, 263 n.4 (Tex. Civ. App. - San Antonio 1973, no writ).

15

complained of and the text of all rules, regulations, statutes, and other law on which the argument is based. *See id.* at (k).

Appellate courts routinely dismiss petitions seeking extraordinary relief that fail to comply with Rule 52's requirements. *See*, *e.g.*, *In re Johnson*, 2012 WL 5059838, at *1 (Tex. App. - Amarillo 2012, orig. proceeding) (denying mandamus relief where petition "wholly fail[ed] to comply with" Rule 52.3); *In re Ince*, 2011 WL 6032718, at *1 (Tex. App. - Amarillo 2011, orig. proceeding) (denying pro se relator's petition for writ of mandamus for failure to comply with various subparts of Rule 52.3); *In re Dyer*, 2010 WL 3795893, at *1 (Tex. App. - Houston [14th Dist.] 2010, orig. proceeding) (denying petition for writ of prohibition and injunction because, *inter alia*, relator did not comply with Rules 52.3(k) and 52.7); *In re Palmore*, 2005 WL 1979076, at *1 (Tex. App. - Amarillo 2005, orig. proceeding) (denying petition for writ of mandamus that failed to include the "mandatory contents" for such a petition, including subparagraphs (a), (b), (c), and (j) of Rule 52.3); *In re Brown*, 2003 WL 1563987, at *1 (Tex. App. - El Paso 2003, orig. proceeding) (citing Rule 52.3 and dismissing petition where petition was "insufficient").

Here, Audi's Motion for Temporary Relief should be dismissed because Audi did not initiate an "original proceeding," much less comply with Rule 52's

mandatory requirements.[6]  In particular, Audi failed to name as parties "a[ll] persons whose interests would be directly affected by the relief sought."  *See* Tex. R. App. 52.2.  The glaring omission is the Board.  Although Audi seeks to enjoin the Board from taking any further action on the Protest or entering a final order, *see*, *e.g.*, Audi's Motion at ¶ 13 (complaining that "the Board could enter a decision based on th[e] PFD before September"), Audi's petition names only the Board's Chairman, Walker, and not the Board itself, or the six other Board members who voted to remand the contested case proceeding to SOAH for further findings.  Any argument that only the Chairman is a proper party is frivolous.  The seven Board members present on February 13, 2015 – a quorum – voted to remand the contested case to SOAH.  The Remand Order was signed by Walker on behalf of the Board, **not** himself.  The ALJs will send their supplemental or amended proposal for decision to the "referring agency" (*i.e.* the Board), **not** to Walker.  1 T.A.C. § 155.507(b).  And, when a final order is issued, it will be the Board's order, **not** the order of its Chairman.  *See*, *e.g.*, 43 T.A.C. § 215.55(c) (stating that "the Board" has "final order authority" in a contested case filed under Chapter 2301 of the Code).

---

[6] There is also no indication that Audi paid the fee required for an original proceeding. *See* Practice Before the Third Court of Appeals at ¶18(b) (specifying $145 fee for "original proceeding").

17

Also, although Audi served the Motion for Temporary Relief on counsel for Intervenors, none of the Intervenors is listed as an appellee or respondent in the caption of the Motion or listed as a party to the proceeding as required by Rule 52.3(a). In fact, one of the intervenors, Budget (the party whose Protest Audi is seeking to stay/enjoin), is not mentioned anywhere in the entire Motion, and the certificate of conference does not reflect that Audi's counsel conferred with Budget's counsel before filing the Motion.

Audi's failure to comply with Rule 52 and to name all "real parties in interest" as parties to this proceeding is fatal to its request for injunctive relief. Therefore, Audi's Motion for Temporary Relief should be denied.

### 2. An Injunction Is Not Necessary To Preserve The Subject Matter Of The Appeal.

"The courts of appeals have limited injunctive powers[,]" and may issue writs of injunction only to protect their jurisdiction over the "subject matter" of a pending appeal or to prevent a lower court's unlawful interference with the appellate court's judgments. *In re Smith*, 2004 WL 254079, at *1 (Tex. App. - Waco 2004, orig. proceeding). Appellate courts do not have the authority to issue injunctions to "preserve the status quo pending appeal" from a final judgment or "merely to protect a party from damage pending appeal" from a final judgment. *In re Lasik Plus of Texas, P.A.*, 2013 WL 816674, at *1 (Tex. App. - Houston [14th Dist.] 2013, orig. proceeding) (rejecting appellant's argument, in appeal from

18

denial of motion for injunctive relief against former employee subject to non-compete agreement, that writ of injunction was necessary to protect appellant's market share during pendency of appeal).

A writ of injunction is also improper where the party seeking the injunction has another adequate remedy. In *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989), the Texas Supreme Court stated:

> The issuance of an extraordinary writ is not authorized when the relator has an adequate remedy by appeal. As the name implies, extraordinary writs issue only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.

*Id.* (citations omitted).

In this case, Audi has a variety of remedies available to it other than the extraordinary remedy of a writ of injunction. To begin with, when this matter again comes before the Board, Audi can argue that the remand was improper and its results should be disregarded in formulating the Board's final order in the Protest. If the Board rejects that argument and issues an order upholding the Protest, then Audi can challenge the ALJs' and Walker's actions in a suit for judicial review of the Board's final order. Section 2001.171 of the Tex. Gov't Code provides that "[a] person who has exhausted all administrative remedies available within a state agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this chapter." Such a review is conducted under

19

the "substantial evidence rule," Tex. Occ. Code § 2301.751, which specifically provides for the assertion of claims that "the administrative findings, inferences, conclusions or decisions are...(B) in excess of the agency's statutory authority; [or] (C) made through unlawful procedure." Tex. Gov't Code § 2001.174(2)(B) & (C).

That Audi might suffer damage or inconvenience while awaiting such relief is of no moment. *See*, *e.g.*, *In re Lasik Plus of Texas* at *2 (declining to issue writ where trial court's ruling "would result in only damages or inconvenience to" relator); *In re Smith*, 2004 WL 254079, at *1 (declining to issue writ to "preserve the status quo" and "prevent hardship to" relator). Furthermore, as discussed below, any inconvenience or damage is the result of Audi's own inexcusable delays in seeking injunctive relief from the courts.

This case is distinguishable from cases in which appellate courts have granted writs to "protect their jurisdiction." In the vast majority of cases, writs of injunction are issued to prohibit the sale, destruction, or other disposition of tangible real or personal property while a party is challenging the propriety of the trial court's denial of injunctive relief in a lawsuit involving that property. *See*, *e.g.*, *Collier v. Cent. Nat'l Bank*, 564 S.W.2d 828 (Tex. Civ. App. - Austin 1978, orig. proceeding) (enjoining bank and trustee from proceeding with sale of property while court heard appeal from district court's refusal to grant a temporary injunction); *Carpenter v. Hausman*, 601 S.W.2d 88 (Tex. Civ. App. - San Antonio

20

1980, orig. proceeding) (entering injunction after trial court's denial of injunctive relief regarding sale of certain properties; trustee's sale of property, if consummated, would render appeal moot); *Sonny Arnold, Inc. v. Sentry Sav. Ass'n*, 602 S.W.2d 90, 92 (Tex. Civ. App. - Amarillo 1980, orig. proceeding) (writ of injunction issued to prevent trustee's sale of land because sale of land was the subject matter of the appeal); *Beall v. Strake*, 602 S.W.2d 394, 395 (Tex. Civ. App. - Austin 1980, orig. proceeding) (injunction would issue to prohibit party from filing articles of dissolution of corporation pending outcome of appeal).

In those cases, the subject matter of the appeal was intertwined with the actual merits of the underlying case – the need for injunctive relief to prevent irreparable harm. Unless an injunction was issued, the "subject matter of the appeal" (a home, land, personal property, etc.), would be disposed of to the irreparable injury of the appellant. That is not the case here – this case is in an entirely different procedural posture. Audi's appeal does **not** arise from a final decision in the underlying Protest. Rather, it concerns an ancillary proceeding complaining of alleged procedural irregularities in the taking of additional evidence on matters at issue in a protest that the Board unquestionably has exclusive original jurisdiction to hear and decide. As noted above, the relief Audi ultimately seeks – an order holding that the remand was unauthorized – can be obtained by Audi from the Board itself or from a district court in a suit for judicial

review of an adverse final order. An injunction from this Court is not necessary for Audi to obtain that relief.

Furthermore, an injunction in favor of Audi would amount to an improper "advance determination of the merits of the appeal in an original proceeding." *Baird v. Sam Houston Elec. Co-op.*, 627 S.W.2d 732 (Tex. App. - Houston [1st Dist.] 1981, no writ) (declining to issue writ). *See also Yturria Town & Improvement Co. v. Hidalgo Cty.*, 114 S.W.2d 917, 918 (Tex. Civ. App. - San Antonio 1938, no writ) (appellate courts lack the power to issue a writ of injunction where such relief "is, simply and only, the relief sought and denied below."). If an injunction against further remand proceedings is granted, Audi would receive the relief it unsuccessfully sought in the trial court – a temporary injunction – without ever having proved, and in the absence of, an entitlement to such extraordinary relief (and despite the fact that its lawsuit seeking that relief was dismissed for lack of jurisdiction).[7] That result would be woefully inequitable

---

[7] In its Motion, Audi cites several cases for the unremarkable proposition that, in certain circumstances, litigants can be excused from exhausting their administrative remedies prior to filing suit in district court. (Motion at ¶ 9.) In many of the cases cited by Audi, however, the appellate court found the litigants were not so excused. For example, like Audi in this case, the plaintiffs in *Appraisal Review Bd. of Harris Cty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413 (Tex. App. - Houston [14th Dist.] 2008, no pet.) alleged that they were excused from exhausting their administrative remedies because the defendant Board was not complying with the procedural requirements of the Tax Code. The Court rejected that argument, holding that the *ultra vires* exception applies only when an agency acts "wholly outside its jurisdiction," and not when it merely "fails to meet certain statutory procedural requirements." *Id.* at 419. *See also Mag-T, L.P. v. Travis Cent. Appraisal Dist.*, 161 S.W.3d 617 (Tex. App. - Austin 2005, pet. denied) (affirming dismissal for lack of jurisdiction; taxpayers not excused from exhausting

to Intervenors. It would indefinitely halt the ongoing statutorily mandated process for dealing with dealer/manufacturer disputes before the Board, and further delay the closing of the underlying transaction – an almost $70 million acquisition that has been pending since December 20, 2012.

Moreover, an order granting the relief sought by Audi would create a dangerous precedent. The district court (quite properly) dismissed for lack of jurisdiction Audi's claim that the defendants were engaging in *ultra vires* acts. Thus, there is no proof in the record of the elements essential for obtaining temporary injunctive relief in the district court. Litigants in contested case proceedings frequently complain that state agencies are acting outside their statutory authority and that exhaustion of administrative remedies should not be required before seeking judicial relief from alleged *ultra vires* acts. Of course, "the mere claim" of an *ultra vires* act "does not authorize litigation before administrative remedies are exhausted," *City of Houston v. Williams*, 99 S.W.3d 709, 717 (Tex. App. - Houston [14th Dist.] 2003, no pet.), and such claims are usually dismissed for want of jurisdiction. But if such litigants can obtain an appellate injunction halting an agency proceeding by simply appealing a dismissal for lack of jurisdiction and asserting that the agency is acting *ultra vires* and that

administrative remedies despite claim that such remedies were "inadequate" and would cause "irreparable injury"); *City of Houston v. Williams*, 99 S.W.3d at 717 (firefighter was required to exhaust administrative remedies prior to filing suit in district court).

the appeal might become moot, then they are obtaining the desired result without complying with either the exhaustion requirement, or the requirement that they establish the elements essential for obtaining injunctive relief in the district court. Allowing such an end run around the basic legal requirements designed to safeguard the administrative process is an invitation to abuse. The appellate courts will be flooded with requests for such injunctive relief. The result would be a massive disruption of the State's administrative process, a violation of the principle of separation of powers, and an expensive waste of resources.

Such attempts to circumvent the proper judicial process for reviewing agency action are especially troublesome when, as here, the subject matter of the Protest falls squarely within the Board's exclusive original jurisdiction – a fact Audi has never denied – and when Audi complains only of specific acts taken by the Board and SOAH within the scope of that jurisdiction. Indeed, the district court correctly held that such acts are not *ultra vires* as a matter of law.

### 3. Audi's Assertion That The Remand Proceeding Will Be Completed Prior To This Court's Disposition Of Audi's Appeal Is Speculative.

Assuming, *arguendo*, that Audi's motion is not subject to denial for any of the foregoing reasons and that Audi would otherwise be entitled to a writ of injunction, Audi has failed to meet its burden of demonstrating that the requested relief is necessary to protect this Court's jurisdiction.

Audi contends that "mootness is a legitimate concern ... because the remand **could be completed** before this Court reaches the merits of this appeal." (Motion at ¶ 12. *See also id.* at 13 ("the Board **could enter a decision** ...before September.").) In other words, Audi can only speculate that the remand will be finalized before this Court reaches the merits of its appeal. However, it is just as possible that the remand will not be finalized by such time. According to the ALJs, the record at SOAH closed on June 16, 2015. The ALJs now have to issue a proposal for decision and have a non-mandatory sixty-day period in which to do so. Tex. Gov't Code § 2001.143(a). After the proposal for decision issues, there is a thirty-day period for exceptions and replies to exceptions. 1 TAC § 155.507(c)(1). Then, the ALJs must review the exceptions and replies to exceptions to determine whether any changes to the proposal for decision are necessary (and there is no set time period in which they must do so). *Id.* at (d). After such changes, if any, are made, the contested case is passed on to the Board. Only then can Intervenors request that the Protest be put on the Board's agenda. Depending upon when the proposal for decision is referred to the Board relative to when the Board has another scheduled meeting, it could take up to a month before Intervenors can be heard at a Board meeting. Once the Board issues a final order, there is then a twenty-day motion for rehearing period, *see* Tex. Gov't Code 2001.146(a) & (b), and the Board has forty-five days during which to rule upon

any motions for rehearing. *Id.* at (c). The Board may even extend its time to rule on such motions until the ninetieth day after the entry of a final order. *Id.* at (e).

The Texas Supreme Court addressed the impropriety of granting injunctive relief when the alleged possibility of the destruction of the subject matter of an appeal is, at most, speculative, in *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478 (Tex. 1964). In that case, a group of relators sought an order allowing them to continue to operate their retail liquor establishments – which the State contended were not being operated in accordance with Texas law – during the pendency of the appeal. The relators contended that their businesses would be "destroyed" in the absence of such an order. The Supreme Court was not convinced, stating:

> While the business of relators may be damaged or, as they say, need to be reconstructed after the pending litigation is terminated in their favor (if such be the final result), it is difficult to see that this would destroy the subject matter of the litigation, namely, the asserted right to do business free of state regulation ...Should they be required for a while to operate in accordance with state law, the subject matter of the litigation would not be destroyed. At most, a fact issue is raised which this Court cannot decide...

381 S.W.2d at 484. *See also In re Bailey*, 296 S.W.3d 859, 862-83 (Tex. App. - Tyler 2009, orig. proceeding) (appellate courts will not issue writs unless the threat of jurisdictional interference is "real" and not a "mere possibility").

In sum, there is no way to accurately predict when a final order will be issued in the underlying contested case and, as noted by the Texas Supreme Court in *Ammex Warehouse*, the mere possibility that the subject matter of an appeal

26

might become moot is insufficient to entitle an appellant to a writ of injunction. Because Audi cannot meet is burden of establishing that it is entitled to the extraordinary relief sought, its Motion is due to be denied.

**C.** **Audi's Own Conduct Militates Against The Relief Sought And The Asserted Necessity Of Such Relief.**

"Equity aids the vigilant, not those who slumber on their rights." *Los Angeles Heights Indep. Sch. Dist. v. Chestnut*, 287 S.W. 693, 694 (Tex. Civ. App. - San Antonio 1926, no writ). Parties seeking equitable relief, such as injunctions, are bound to show that they used "diligence" in applying for it. *Id.*

"Any delay that places the party sought to be restrained in a worse position than if there had been prompt action, and lulled him by inaction to expend money which might have been averted by prompt action, may defeat the remedial right." *Id. See also Hall v. Stevens*, 254 S.W. 610, 612 (Tex. Civ. App. - Dallas 1923, no writ) (appellees' request for injunctive relief was barred by laches since subject of relief – the construction of a cottage – was "already nearing completion"; "even if it were conceded a right to the relief ever existed ...equity will not grant the harsh remedy the mandatory injunction...imposes, when those who seek it fail to exercise diligence in asserting it..."). A request for temporary injunctive relief can be waived by failing to promptly seek it. *Landry's Seafood Inn & Oyster Bar-Kemah, Inc. v. Wiggins*, 919 S.W.2d 924, 927 (Tex. App. - Houston [14th Dist.] 1996) (affirming denial of temporary injunction where party seeking injunction was

27

aware of alleged wrongful conduct for eight months and defendant had incurred a number of expenses in the interim).

Audi has delayed seeking injunctive relief at every stage of this proceeding. The Board voted to remand this case on February 13, 2015, more than four months ago. Audi delayed filing its Travis County Petition for almost **six** weeks. Audi's application for a TRO was denied on March 26, 2015. Audi delayed requesting a hearing on its Motion for Temporary Injunction for **five** weeks. After Audi's case was dismissed on April 30th, Audi waited another week before it appealed the dismissal.[8] When it did, Audi affirmatively represented in its docketing statement that it did **not** intend to seek extraordinary relief (e.g. temporary relief) from this Court. Then, Audi delayed another **five** weeks before filing its Motion for Temporary Relief. Audi also requested (and received) a two-week extension of time in which to file its brief on appeal.[9]

In the meantime, Intervenors and the ALJs expended a massive amount of time and resources on the remand proceedings. Between March 3, 2015 and April 15, 2015, extensive written discovery took place, five depositions were conducted, motions for protective orders from discovery and motions to compel discovery

---

[8] And, in its docketing statement, Audi indicated that it did **not** intend to seek extraordinary relief (e.g. temporary or ancillary relief) from this Court.

[9] Audi's brief initially was due June 17th and Audi obtained an extension of time in which to file the brief until July 1st.

were filed, privilege logs were created, experts were engaged, expert reports were prepared, motions to strike experts were filed, witness and exhibit lists (and objections to lists and responses to objections to lists) were filed, and the ALJs issued nine written orders. Then, beginning April 16th, a two-day hearing was held by the ALJs where six witnesses were called to testify. By June 15th (the date Audi filed its Motion for Temporary Relief with this Court), the parties had filed post-hearing briefs comprising more than 250 pages.

Given that Audi waited six weeks to file its Travis County petition, then waited five weeks to schedule a hearing on its Motion for Temporary Injunction, then waited another week to appeal the dismissal of its case, then waited five **more** weeks before filing the instant motion, and also requested additional time to file its brief on appeal, Audi's contentions that time is of the essence and that an injunction must issue rings hollow. If Audi truly believed that an injunction was necessary to protect this appeal, Audi should not have waited so long to seek relief with the district court and then this Court.

Further, by its delay in asserting its purported right to injunctive relief, Audi has rendered that relief almost entirely ineffective. At this point, the remand is nearly completed. Nine-tenths of the work to be done by the ALJs, Intervenors, and Audi (and, therefore, nine-tenths of the alleged harm to Audi) has already been done.

**D.** **Audi Should Be Sanctioned Pursuant To Tex. R. App. P. 52.11.**

This Court is authorized, after notice and opportunity to heard, to impose "just sanctions on a party or attorney who is not acting in good faith" as indicated by, *inter alia*, "filing a petition that is clearly groundless," "bringing the petition solely for delay of an underlying proceeding," or "grossly misstating or omitting an obviously important and material fact in the petition or response..." Tex. R. App. P. 52.11.

Intervenors should be entitled to recover from Audi the costs and fees incurred in responding to Audi's motion. The groundless, improperly supported motion "grossly misstates or omits" at least one highly salient point, which is that Audi is appealing from a final order and not an interlocutory order. Furthermore, it is apparent the motion was not brought in good faith. It fails to comply with Rule 52, and it is yet another effort by Audi to hinder and delay the ultimate resolution of the underlying contested case.

## IV. CONCLUSION AND PRAYER

Based on the foregoing, Intervenors respectfully request the Court to enter an order denying the Motion for Temporary Relief, awarding Intervenors their costs and fees incurred in filing this response, and entering such other, further, and different relief that may be just and proper.

30

Respectfully submitted,


/s/ Wm.  R. Crocker
Wm.  R. Crocker
State Bar No.  05091000
807 Brazos, Suite 1014
Austin, Texas 78767
Telephone: (512) 478-5611
Facsimile: (512) 474-2540
Email: crockerlaw@earthlink.net

Attorney for Intervenor/Appellee
Budget Leasing, Inc.  d/b/a Audi
North Austin and Audi South Austin

/s/ J.  Bruce Bennett
J.  Bruce Bennett
State Bar No.  0214550
Leon V.  Komkov
State Bar No.11670500
CARDWELL, HART & BENNETT,
LLP
807 Brazos, Suite 1001
Austin, Texas 78701
Telephone: (512) 322-0011
Facsimile: (512) 322-0808
Email: jbb.chblaw@sbcglobal.net
Email: lvk@longroadllc.com

Joseph W.  Letzer
Tx.  State Bar No.  24030763
Dent M.  Morton
Tx.  State Bar No.  24056645
BURR & FORMAN, LLP
420 20th Street N, Suite 3400
Birmingham, AL 35203-5210
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

Email: jletzer@burr.com
Email: dmorton@burr.com

Attorneys for Intervenors/Appellees
Ricardo M. Weitz, Hi Tech Imports,
LLC, Hi Tech Imports North, LLC,
and Hi Tech Imports South, LLC

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4

Pursuant to Tex.R.App.P. 9.4(i)(3), the undersigned certifies this response complies with the type-volume limitations of Tex R App P. 9.4. The brief was prepared using Microsoft Word 2011. According to that program's word count, the brief contains 6,918 words, exclusive of the exempted portions in Tex.R.App.P. 9.4(i)(1).

/s/ J. Bruce Bennett
J. Bruce Bennett

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2015, I used the Court's electronic case filing system to file the foregoing document and to serve this document on the following persons:

Billy M. Donley
Mark E. Smith
BAKER & HOSTETLER, LLP
1000 Louisiana, Suite 2000
Houston, Texas 77002
Tel: (713) 646-1382
Fax: (713) 751-1717
bdonley@bakerlaw.com
mesmith@bakerlaw.com

S. Shawn Stephens
James P. Sullivan
KING & SPALDING, LLP

32

1100 Louisiana, Suite 4000
Houston, Texas 77002
Tel: (713) 751-3200
Fax: (713) 751-3290

   Attorneys for Volkswagen Group of America, Inc.
   and Audi of America, Inc.


Kimberly Fuchs
Texas Attorney General's Office
P.O.  Box 12548
Austin, Texas 78711
Tel: (512) 475-4195
Fax: (512) 320-0167
kimberly.fuchs@texasattorneygeneral.gov

   Attorney for the Honorable Michael J.  O'Malley
   and Penny A.  Wilkov

Dennis McKinney
Texas Attorney General's Office
P.O.  Box 12548
Austin, Texas 78711
Tel: (512) 475-4020
Fax: (512) 320-0167
dennis.mckinney@texasattorneygenreal.gov

   Attorney for Chairman John H.  Walker

           This the 26th day of June 2015.

           /s/ J.  Bruce Bennett
           J.  Bruce Bennett